**BROWN v. WINSTON et al.**

**No. 10918.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 16, 1952.

Decided May 29, 1952.

J. E. Bindeman, Washington, D. C., for appellant.

Henry E. Wixon, Asst. Corp. Counsel for the District of Columbia, Washington, D. C., with whom Vernon E. West, Corp. Counsel, and Chester H. Gray, Principal Asst. Corp. Counsel, Washington, D. C.., were on the brief, for appellees.

Oliver Gasch, Asst. Corp. Counsel, Washington, D. C., also entered an appearance for appellees.

Before CLARK, PRETTYMAN and BAZELON, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the District of Columbia in a case which was before that court upon a petition for review of a decision of the Real Estate Commission of the District of Columbia.[1]

Appellant Brown was a licensed real estate broker. In the course of a transaction which involved the sale of real estate, he prepared a written contract, which was signed by the purported vendor, one Rosa Jones, and by Brown with the name "Pearl Malcom" as the purported purchaser. Pearl Malcom was a relative of appellant from whom he held power of attorney. Immediately thereafter Brown procured a notary public, one Robert Fribush, who certified on the contract that Rosa Jones and Pearl Malcom personally appeared before him and acknowledged the contract to be their act and deed. Neither Rosa Jones nor Pearl Malcom personally appeared before the notary or acknowledged to him that the contract was their act and deed.

Brown placed the notarized contract on record in the Office of the Recorder of Deeds, where it constituted a cloud on the title to the property. It could not have been recorded without notarization.

The title to the property was of record in the names of Rosa Jones and Lee Huffman, her son. Huffman was not in the City at the time the contract was signed, and upon his return he refused to sign it.

Brown wrote Mrs. Rosa Jones a letter, which recited that he had learned that her son did not want to sell the property. He told Mrs. Jones:

"Unless you do carry out your contract, we shall prevent you from selling the house to anyone at any time,

1. 50 Stat. 794 (1937), D.C.Code § 45–1409 (1940).

because you have already entered into a contract *to sell it*. If *you* have in mind to sell this property to somebody else, you might as well forget about it, because you won't be able *to do so*.

"It will be to your advantage to close this deal in accordance with the contract; otherwise you'll be stuck with the property for the rest of your life. * * *"

A charge was made before the Real Estate Commission that Brown "Demonstrated *such unworthiness or incompetency* to act as a real estate broker or a business chance broker as to endanger the interests of the public in violation of paragraph (h) of Section 8 of said Act of Congress." [2] Three specifications under the charge described the securing of Fribush to notarize the signature of Rosa Jones to the contract, the recording of the contract with knowledge that the signatory had not been before the notary, and the recording with knowledge that title was not in the name of Rosa Jones alone but was in the names of her and Lee Huffman.

After public hearing the Commission made findings of fact and conclusions of law and suspended Brown's license as a real estate and business chance broker for a period of sixty days. The proceeding in the District Court followed. That court entered summary judgment for the defendant members of the Real Estate Commission.

We find no error in the judgment of the District Court, and it is therefore

Affirmed.

2. 50 Stat. 793 (1937), as amended, D.C.Code § 45–1408(h) (1940).