29 N.J. Super. 178 (1954)
102 A.2d 65
HAROLD E. GOODLEY, DEFENDANT-APPELLANT,
v.
NEW JERSEY REAL ESTATE COMMISSION, PLAINTIFF-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 14, 1953.
Decided January 2, 1954.
*179 Mr. Joseph A. Murphy argued the cause for New Jersey Real Estate Commission (Mr. Theodore D. Parsons, Attorney-General, attorney).
Mr. W. Louis Bossle argued the cause for defendant-appellant.
Before Judges CLAPP, GOLDMANN and EWART.
The opinion of the court was delivered by CLAPP, S.J.A.D.
Harold E. Goodley, a licensed real estate broker, appeals from a determination of the New Jersey Real Estate Commission, finding him guilty of violating subdivision (e) of N.J.S.A. 45:15-17. However, the Commission also found his acts neither willful, nor financially embarrassing to the complainant, Mrs. Lucy Weido, and hence took no penal action  neither suspending nor revoking his license. The statute cited requires the Commission, upon complaint made, to investigate the actions of any real estate broker or salesman and permits it to "suspend * * * or * * * revoke any license * * * where the licensee * * * is deemed to be guilty of: * * * e. Any conduct which demonstrates unworthiness, incompetency bad faith or dishonesty * * *."
In 1950 Mrs. Weido and her husband bought 502 front feet of land for $3250 through Goodley, as broker, taking *180 title by warranty deed from a corporation of which Goodley was president. Goodley by map and also by references to the map, which are made in the contract and the deed, clearly indicated the boundaries of the property. Two years later, finding that she and her husband (and in fact the corporation before them) had no title to 125 front feet of this land, she spoke to Goodley, looking for reimbursement. He, notwithstanding repeated requests, said he was not going to do anything about it.
There are several preliminary questions raised by the State over the appealability of the determination. One question is whether the refusal of the Commission to take penal action, after finding Goodley guilty, is to be analogized to a suspended sentence and whether the policy supporting the rule, R.R. 1:2-4 (b), now authorizing appeals from such sentences (for the practice formerly, see State v. Bongiorno, 96 N.J.L. 318 (Sup. Ct. 1921)), should apply here. Cf. Bower v. State, 135 N.J.L. 564 (Sup. Ct. 1947); City of Newark v. Pulverman, 12 N.J. 105, 116 (1953). See N.J.S.A. 45:15-18, as amended L. 1953, c. 43. We pass all these questions to get to the merits; for we find, except in point of form, the determination must be affirmed.
The principal issue here is whether the evidence warranted the determination. The Commission found that Goodley's corporation was "originally at fault in not having a search and survey" at the time it bought the property. But there was no fault here; before the Weidos bought, the corporation had obtained not only a title policy covering a 300-acre tract including the 502 feet, but also apparently a survey. At any event, as his counsel admits, the deed into the corporate grantor and this title policy put the corporation on notice that certain lands had been conveyed to the State Highway Commission out of the whole tract, though these lands were not described by metes and bounds, but only "by numbered highway stations." The lands, so conveyed, include or are the 125 feet above mentioned. As the Commission put it in its findings, the corporation gave a "deed of warranty to the * * * land as originally shown to the *181 complainant," and, in that circumstance, "surely a licensed real estate broker," president of and so closely connected with the grantor, "cannot claim he should not have known just what the corporation * * * could convey." He should have ascertained why the exception set forth in the title policy and the deed did not show up on the survey. We conclude there was sufficient proof of negligence by him in connection with his profession, to sustain a finding of incompetency.
In addition to that, there is the matter of "unworthiness." Goodley told Mrs. Weido, "unfortunately" the Weidos were "the loser," and he was not going to do anything about it. By way of extenuation, he brings out that the stock of the corporate grantor had been sold to other persons who had liquidated the corporation, and that it was not until two months later that Mrs. Weido sought reimbursement. On the other hand it might be added he was appointed trustee to disburse the corporate funds to the shareholders on the liquidation of the corporation, and the corporation was apparently still collecting money under installment contracts at the time the defect in title was discovered. At any event, he himself received one-half of the commissions on the sale of the property and, as stockholder, something on the sale of the stock. Goodley occupies two roles in this transaction, real estate broker and president of the corporate grantor. However, he cannot, under the circumstances here, escape a charge of unworthiness because the onus of the charge falls in part upon himself in a capacity other than as real estate broker. We conclude that under the circumstances his refusal to assist in the rectification of a default brought about by his own negligence justifies a finding of unworthiness.
The word "unworthiness," in the context here, signifies a lack of those ethical qualities that befit the vocation. Marrs v. Matthews, 270 S.W. 586 (Tex. Civ. App. 1925); cf. Woodstown National Bank & Trust Co. v. Snelbaker, 136 N.J. Eq. 62 (Ch. 1944); In re Meyerson, 190 Md. 671, 59 A.2d 489, 490 (Ct. App. 1948). By including the matter of unworthiness in N.J.S.A. 45:15-17 (e), the Legislature *182 has charged the Commission with the high responsibility of maintaining ethical standards among real estate brokers and salesmen. The maintenance of those standards serves the vocation well. See St. Germain v. Watson, 96 Cal. App.2d 862, 214 P.2d 99 (Dist. Ct. App. 1950), hearing denied by Supreme Court, 214 P.2d 106 (1950), and Holland v. Florida Real Estate Commission, 130 Fla. 590, 178 So. 121 (Sup. Ct. 1938), pointing out that statutes there, rather different from ours in their terms, but nevertheless along the same lines, were designed for those ends. For statutes in other states which contain the word unworthiness, see the following cases (which, however, deal with matters not pertinent here): Leakey v. Georgia Real Estate Commission, 80 Ga. App. 272, 55 S.E.2d 818 (Ct. App. 1949); Feight v. State Real Estate Commission, 151 Neb. 867, 39 N.W.2d 823 (Sup. Ct. 1949).
It was within the competence of the Commission to find Goodley guilty and then, under the circumstances, to refuse to take penal action. However, it was improper in form, indeed grossly so, to have found him guilty, in the disjunctive, of "unworthiness, incompetency, bad faith or dishonesty." The ultimate finding, duly supported by subsidiary findings, should have been incompetency and unworthiness.
Decision modified accordingly.