82 So.2d 549

Druella WILLIAMS

v.

BOARD OF EDUCATION OF LAMAR
COUNTY et al.

6 Div. 872.

Supreme Court of Alabama.

Sept. 22, 1955.

Arthur D. Shores, Birmingham, for appellant.

Harold G. Downing and Young & Young, Vernon, for appellees.

GOODWYN, Justice.

This is an appeal from a judgment of the circuit court of Lamar County denying appellant's petition for a peremptory writ of mandamus to be directed to the County Board of Education, the members of said Board, and the County Superintendent of Education, to reinstate appellant as a teacher in the public schools of the County. Involved in the case are the rights of a teacher who has attained "continuing service status" under the Teachers' Tenure Law, Code 1940, Tit. 52, § 351 et seq., as amended by Act No. 773, appvd. Sept. 16, 1953, Gen.Acts 1953, p. 1040.

This proceeding is controlled by amendatory Act No. 773, supra, which became effective on September 16, 1953.

On June 8, 1954, the Board of Education notified appellant in writing that the Board would meet on July 2, 1954, for the purpose of considering the cancellation of appellant's contract as a teacher, giving as the reason therefor a "justifiable decrease in the number of teaching positions". On June 15, 1954, appellant filed with the Board notice of an intention to contest the cancellation. The hearing was held by the Board at the appointed time, after which the Board voted unanimously to cancel appellant's contract because of a "justifiable decrease in the number of teaching positions." Appellant was notified of the Board's decision on July 6, 1954. On July 15, 1954, she gave notice of appeal. On September 13, 1954, she filed her petition for mandamus in the circuit court of Lamar County. The alternative writ was issued on that day and made returnable on September 24, 1954. Appellees answered the petition and hearing was had on the return date. On October 1, 1954, judgment was rendered denying the petition and taxing the costs against appellant. The appeal here was taken from that judgment on October 11, 1954, within the thirty days allowed by § 1074, Tit. 7, Code 1940. Submission was had here on April 19, 1955.

Prior to passage of Act No. 773, supra, it was provided that the action of the Board "may be reviewed by petition for mandamus filed in the county where said school system is located." § 358 Tit. 52, Code 1940, as amended by Act No. 410, appvd. July 7, 1945, Gen.Acts 1945, p. 646. In Act No. 773, supra, §§ 360 and 361 (which superseded § 358, Tit. 52, supra, as amended), it is provided as follows:

" 'Section 360. Finality of action of employing board on contract cancellation; review.—The action of the employing board shall be final in its action on cancellation of a teacher's contract provided such action was in compliance with the provisions of this chapter and was not arbitrarily unjust. The teacher shall have the right to appeal to the State Tenure Commission as hereinafter established to obtain a review by the Commission as to whether such action was in compliance with this chapter and whether such action was arbitrarily unjust. Such appeal shall be taken by filing within fifteen days after the decision of the employing board a written notice of appeal with the Superintendent or Chairman of said board. If said appeal is not taken within fifteen days after decision of the board, the board's decision shall be final. Upon notice of appeal, the board shall cause to be made sufficient copies of the record of proceedings to provide a copy for each of the members of the Commission and one for the teacher. The record shall consist of all notices given to the teacher, all papers filed with the board by the teacher in compliance with the provisions of this chapter, transcript of testimony and other evidence and the findings and decisions of the board.

The requisite number of copies of the record shall be delivered to the Commission and to the teacher within twenty days from the day of the hearing. The Commission shall set a date for the hearing at which the board and the teacher, or a representative of each, shall have an opportunity to be heard. The date of such hearing shall be within forty days after the decision of the board, and the teacher and the board shall be given at least five days notice of the time and place where the appeal will be considered. On said appeal the Commission will consider the case on the record of the proceedings before the said board and the evidence as recorded at such hearing. The Commission shall by a majority vote determine the validity of the action by the board, and shall render its decision within five days after its hearing. No action at law shall lie for the recovery of damages for the breach of any employment contract of a teacher in the public schools.

"'Section 361. Finality of action of State Tenure Commission; review—The action of the State Tenure Commission in reviewing transfers of teachers or cancellation of teacher contracts, if made in compliance with the provisions of this chapter, and unless unjust, shall be final and conclusive. Whether such action complies with the provisions of this chapter and whether such action is unjust, may be reviewed by petition for mandamus filed in the Circuit Court of the county where said school system is located.'"

No doubt the provision for appeal to the Tenure Commission prompted appellant's action in giving the notice of appeal on July 15, 1954. But the Tenure Commission referred to in sections 360 and 361 has not been established. The result is that there is no effective provision for appeal; nor is there any provision in the present Tenure Law expressly giving the right of review by mandamus. However, the Circuit Court properly entertained the petition for mandamus. State ex rel.

McIntyre v. McEachern, 231 Ala. 609, 613, 166 So. 36; Helms v. Alabama Pension Commission, 231 Ala. 183, 185, 163 So. 807; Williams v. Board of Dental Examiners of Alabama, 222 Ala. 411, 413, 133 So. 11; State ex rel. King v. County Board of Education, 214 Ala. 620, 622, 108 So. 588. See, also, Board of Education of Choctaw County v. Kennedy, 256 Ala. 478, 483, 55 So.2d 511, 515. And the case is properly here by appeal from the final judgment denying the peremptory writ. Code 1940, Tit. 7, § 1074.

It seems to be well established that the finding of a quasi judicial board, such as the Board of Education in this case, "'may be reviewed by certiorari or mandamus (respectively when appropriate), if it is wholly "unsupported by the evidence, or is wholly dependent upon a question of law, or is seen to be clearly arbitrary, or capricious".'" Board of Education of Choctaw County v. Kennedy, supra; State ex rel. McIntyre v. McEachern, supra; Helms v. Alabama Pension Commission, supra.

The following general rule for reviewing decisions of school boards rendered pursuant to Teachers' Tenure Acts is found in 47 Am.Jur., Schools, § 141, p. 399:

"* * * Under a tenure act specifically enumerating the causes for which a teacher may be dismissed, and further providing that the decision of the school board shall be final, it has been held that the action of a board in dismissing a teacher for a cause enumerated in the statute as ground for dismissal is not subject to review by the courts unless the board has acted outside its jurisdiction, in bad faith, arbitrarily, corruptly, fraudulently, or in gross abuse of its discretion. * * *"

The reason given by the Board for cancelling appellant's contract is one of those enumerated in Section 358 of Act No. 773, supra. That section is as follows:

"'Section 358. Grounds for cancellation of employment contract.—Cancel-

lation of an employment contract with a teacher on continuing service status may be made for incompetency, insubordination, neglect of duty, immorality, *justifiable decrease in the number of teaching positions,* or other good and just cause; but cancellation may not be made for political or personal reasons.'" [Emphasis supplied.]

■ We have carefully examined and considered the evidence and find that the ground for cancellation of appellant's contract, as found by the Board of Education, is amply supported by the evidence. And we do not understand appellant to seriously question such finding. Her insistence seems to be that cancellation of her contract was for "personal" reasons and that she should not have been denied the right to question the Superintendent of Education with respect thereto. We gather from the evidence and the questions asked that appellant was seeking to establish as such "personal" reason the fact that she had failed or refused to take up residence in the community where she was teaching. It appears that the Board of Education had adopted a rule establishing such policy and that, prior to the Board's notification to appellant on June 8, 1954, the Superintendent had a discussion with appellant about not moving to her school community in the course of which he "told her she could be dismissed for insubordination."

■ It is to be noted that "insubordination" is one of the authorized grounds for cancelling an employment contract with a teacher on continuing service status. Sec. 358 of Act No. 773, supra. But that is not the ground on which the Board based its cancellation of appellant's contract. As we see it, the only pertinent inquiry was whether there was a "justifiable decrease in the number of teaching positions". That being established, the reason for selecting appellant's contract as the one to be cancelled was not open to inquiry. We find nothing in the Tenure Act establishing a criterion for determining what particular tenure teacher's contract should be cancelled when there is a "justifiable decrease in the number of teaching positions". In such situation, it seems to us that the right of selection is a matter resting entirely with the employing Board of Education. In this connection, see Pickens County Board of Education v. Keasler, Ala., 82 So.2d 197,[1] where it was held that the contract of a teacher who has obtained continuing service status cannot be cancelled because of a justifiable decrease in the number of teaching positions when there is retained by the Board a teacher who is qualified to teach but has not obtained continuing service status.

Appellant places principal reliance for reversal on the case of State ex rel. Steele v. Board of Education of Fairfield, 252 Ala. 254, 40 So.2d 689. The facts and circumstances of that case are quite different from those in the instant case. There, the ground relied on for cancellation was "insubordination".

From what we have said it follows that the judgment appealed from is due to be affirmed. So ordered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MAYFIELD, JJ., concur.

1. Ante, p. 191.