86 So.2d 832

**Carl COOPER**

v.

**PERRY COUNTY BOARD OF EDUCA-TION et al.**

**2 Div. 353.**

Supreme Court of Alabama.

April 12, 1956.

Geo. S. Brown and Crampton Harris, Birmingham, and Sheldon Fitts, Marion, for appellant.

LeMaistre, Clement & Gewin, Walter P. Gewin and Perry Hubbard, Tuscaloosa, for appellees.

**SIMPSON, Justice.**

This is an appeal from a judgment of the Circuit Court of Perry County denying appellant's petition for a peremptory writ of mandamus to be directed to the County Board of Education, the members of said Board, and the County Superintendent of Education, to reinstate appellant as a teacher. Appellant has attained "continuing service status" under the Teachers' Tenure Law, Tit. 52, § 351 et seq., Code of Alabama 1940, as amended.

On July 12, 1954, the Board of Education notified appellant that the Board would meet on August 11, 1954 to consider cancellation of appellant's contract as a teacher, giving as reasons therefor incompetency, insubordination, neglect of duty and other good and just causes. (See Code of Alabama 1940, Tit. 52, § 358, pocket part.) As evidence of the foregoing reasons for cancellation, the Board recited twenty-four specifications in the notice to the appellant. Appellant filed with the Board notice of an intention to contest the cancellation. A full hearing in which the appellant appeared and evidence was presented was held by the Board; on August 17, 1954, appellant was notified by the Board of its unamimous resolution cancelling appellant's contract. Appellant then filed a petition in the Circuit Court seeking a peremptory writ of mandamus. From the Circuit Court's final judgment denying the writ, this appeal followed.

■■ While the Tenure Commission referred to in Title 52, Sections 360, 361, Code of Alabama 1940, as amended (providing for appeal from the Board's decision) has not been established nor is there any provision in the present Tenure Law expressly giving the right of review by mandamus, the Circuit Court properly entertained the petition for mandamus seeking to compel the County Board of Education to reinstate the appellant and from the final judgment denying the writ, this case is properly here by appeal. Williams v. Board of Education of Lamar County, 263 Ala. 372, 82 So.2d 549.

Appellant insists, as we understand from his brief and argument, that the action of the Board of Education was (1) arbitrary and unjust in that it was taken for political and personal reasons; and (2) the action of the Board was arbitrary and unjust in that the existence of one or more of the statutory grounds for cancellation was unsupported by the evidence and the appellant was thereby denied due process of law.

The reasons given by the Board for cancelling appellant's contract are included in those enumerated in § 358, Title 52, Code of Alabama 1940, as amended. The section reads:

> "§ 358. Grounds for cancellation of employment contract.—Cancellation of an employment contract with a teacher on continuing service status may be made for *incompetency, insubordination, neglect of duty,* immorality, justifiable decrease in the number of teaching positions, or *other good and just cause;* but cancellation may not be made for political or personal reasons." (Emphasis supplied.)

The trial court found that the action of the Board in cancelling appellant's contract was in compliance with the provisions of Chapter 13 of Title 52, Code of Alabama 1940, as amended, and that such action was not arbitrarily unjust and was not unjust.

We would like to say at the outset that this court has held that the Teachers' Tenure Law meets the requirements of due process. Board of Ed. of Choctaw County v. Kennedy, 256 Ala. 478, 55 So.2d 511.

■ In support of his contention that his contract was cancelled for political and personal reasons, appellant directs our attention to the fact that he ran for Superintendent of Education of Perry County in 1952; his opponent in the race was the present Superintendent of Education, L. G. Walker. Appellant argues that this was "when his troubles started; Mr. Walker wanted to get (the appellant) out of Perry County." The evidence shows, however, that the County Board of Education was, in May, 1954, requested to consider the cancellation of appellant's contract by the Trustees of the Perry County High School where the appellant was coach. Mr. Walker was not a member of the Board of Trustees. The action ultimately terminating the appellant's contract was unanimously taken by the members of the County Board of Education and while L. G. Walker as Superintendent of Education is Secretary and Executive Officer of said Board, he has no voting privilege on the Board. Tit. 52, § 69, Code of Alabama 1940. Nor is it insignificant that while the appellant ran for office in 1952, the cancellation of his contract occurred in 1954.

No evidence was presented of a personal difficulty or disagreement between the appellant and the County Board of Education or between the appellant and the Board of Trustees. In fact, the appellant testified in substance that he and the members of the County Board had been friendly throughout his time there and the appellant also stated that the members of the Board of Trustees had been kind to him.

It appears that one N. P. Benton served as Principal of Perry County High School from 1950 until 1953; upon his resignation, one Dr. J. S. Burbage was hired to replace him. Appellant insists that the Superintendent of Education, Walker, attempted to get Benton to suggest cancellation of appellant's contract and, being unsuccessful, Dr. Burbage was hired to "get rid of" the appellant. We are not impressed with this argument; Benton was not released by Walker nor indeed by anyone; Benton resigned. Walker was not, therefore, responsible for the leaving of the man who, according to the appellant, would not suggest cancellation of the appellant's contract. The evidence also shows that Dr. Burbage had never met Walker until he was interviewed for the job. On the hearing and as a witness for the appellant, Benton testified that one of the reasons he left was because of a disagreement with and an unpleasant relationship with the appellant.

In Williams v. Board of Education of Lamar County, 263 Ala. 372, 82 So.2d 549, 551, this court referred to the applicable rules for reviewing decisions of school boards rendered pursuant to Teachers' Tenure Acts as follows:

"'* * * Under a tenure act specifically enumerating the causes for which a teacher may be dismissed, and further providing that the decision of the school board shall be final, it has been held that the action of a board in dismissing a teacher for a cause enumerated in the statute as ground for dismissal is not subject to review by the courts unless the board has acted outside its jurisdiction, in bad faith, arbitrarily, corruptly, fraudulently, or in gross abuse of its discretion. * * *'" —47 Am.Jur. Schools, § 141, p. 399.

We conclude that the evidence does not support appellant's contention that his contract was cancelled for political or personal reasons.

Appellant's second contention that the action of the Board was arbitrarily unjust, in that the statutory and specified grounds for cancellation are not supported by the evidence, will be treated in the light of the foregoing guiding rule.

While no attempt will be made to set out all the evidence which tends to support the grounds for cancellation, the following will suffice to show that the trial court did not commit error in holding that the action of the Board was not arbitrary, etc.

■ The appellant was charged with neglect of duty; the evidence, although conflicting, showed that on several occasions the appellant was absent from his classes

and could not be found on the school campus; the class over which the appellant had charge could be found, but the appellant was not with them. On another occasion, and at a time when the schedule of classes called for appellant to be teaching a science class in a particular room, the class was located around the football field cleaning up the grandstands and doing the manual labor of getting the football field prepared for a game.

Other grounds which were assigned by the Board and which are specified in § 358, Tit. 52, Code of Alabama 1940, as amended, as proper grounds for the cancellation of the contract of a teacher were insubordination, incompetency and "other good and just cause." The latter term has not been defined by the Courts of Alabama. The Supreme Court of Indiana in Stiver v. State ex rel. Kent, 211 Ind. 380, 1 N.E.2d 1006, 1008, 7 N.E.2d 183, interpreted the term "other good and just cause" as used in the Teachers' Tenure Law, to include any cause which bears a reasonable relation to the teacher's fitness or capacity to discharge the duties of his position. That Court held that " 'lack of co-operation' " is legal cause within the provision " 'other good and just cause.' "

The Alabama statutory grounds for removal · are almost identical with those in Indiana and were considered by the Indiana Court in Stiver v. State ex rel. Kent, supra. Indiana Acts 1927, c. 97.

This Court, in Faircloth v. Folmar, 252 Ala. 223, 40 So.2d 697, cited with approval decisions of the Indiana Court interpreting the meaning of terms in the Teachers' Tenure Law. In fact, the Stiver case, supra, was cited by this Court in Faircloth v. Folmar, supra.

The evidence showed that two principals of the high school resigned; in each case one of the reasons for the resignation was the unpleasant relationships with the appellant. On the occasion of the first meeting between Dr. Burbage, the principal, and the appellant, following the former's appointment as principal, the appellant informed Dr. Burbage that he, the appellant, was better qualified to be the principal. Appellant stated to the principal that if permission were not given to him to use the school bus on a certain occasion on the appellant's terms and conditions, then he, the appellant, would go out in the community, inform the people and secure from the community nonsupport for action of the principal. On another occasion the appellant, in a loud voice and within the hearing distance of appellant's classroom of students, asserted to the principal that he would like to argue about a school policy with the principal. The appellant criticized the management of the school by the principal to a member of the Board of Trustees; the appellant stated to said member of the Board that the principal was critical of him and the other members of the Board. It also appears that as a result of the appellant's statement to the students that the football team had to pay the band to get them to play, a disturbance or dissension was caused among the students. Certain moneys were, in fact, transferred from the game receipts to the band fund.

Much of the foregoing evidence was in sharp conflict. We will not lengthen this opinion by a further recital of other evidence tending to support the grounds for cancellation, but the above suffice to show that the grounds for cancellation were sufficiently supported by the evidence within the aforementioned rule of review to require an affirmance of the judgment of the trial court.

Affirmed.

LAWSON, GOODWYN and MERRILL, JJ., concur.