116 So.2d 566

**COUNTY BOARD OF EDUCATION OF CLARKE COUNTY et al.**

v.

**Effie Mae OLIVER.**

**1 Div. 822.**

Supreme Court of Alabama.

Dec. 17, 1959.

108

Adams, Gillmore & Adams, Grove Hill, for appellants.

Tucker & Taylor, Birmingham, for appellee.

LAWSON, Justice.

The appellee, Effie Mae Oliver, was a tenure school teacher, that is, she had obtained a continuing service status. § 352, Title 52, Code 1940, as amended.

After a hearing, as provided by § 359, Title 52, Code 1940, as amended, the County Board of Education of Clarke County, her employing Board of Education, cancelled Effie Mae Oliver's contract of employment on the ground of incompetency.

Effie Mae Oliver thereupon began this action of mandamus in the Circuit Court of Clarke County to require the County Board of Education, the members of said Board, and the County Superintendent of Education to reinstate her as a teacher.

The trial court granted the peremptory writ of mandamus and ordered the respondents to restore or reinstate Effie Mae Oliver to her original status as a teacher in the Clarke County school system for the year 1958–59.

From that judgment the respondents below appealed to this court.

■ The circuit court correctly entertained the petition for mandamus and this case is properly here by appeal. Williams v. Board of Education of Lamar County, 263 Ala. 372, 82 So.2d 549; Cooper v. Perry County Board of Education, 264 Ala.

251, 86 So.2d 832. This proceeding was terminated in the court below and the submission here was prior to the effective date of Act No. 643, approved November 19, 1959, which provides for a Tenure Commission to determine appeal cases under the Teacher Tenure Law.

Section 359, Title 52, Code 1940, as amended, provides in part as follows:

"An employment contract with a teacher on continuing service status may be cancelled only in the following manner:

"The employing board of education shall give notice in writing to the teacher *stating in detail* the reasons for the proposed cancellation * * *." (Emphasis supplied.)

■ The written notice given to Effie Mae Oliver in regard to the proposed cancellation of her contract was to the effect that her services for the past year "had been unsatisfactory and incompetent."

Incompetency is a ground for cancellation of a contract of a teacher on continuing service status. § 358, Title 52, Code 1940, as amended.

However, the term "incompetent" is generic in its meaning and of itself conveys no information of the particular act of commission or omission, or want of qualification which will authorize the conclusion that the individual· having such status or guilty of such act or omission is incompetent. Ridgway v. City of Fort Worth, Tex.Civ.App., 243 S.W. 740.

"Incompetency" is a relative term which may be employed as meaning disqualification, inability or incapacity. It can refer to lack of legal qualifications or fitness to discharge the required duty. It may be employed to show want of physical or intellectual or moral fitness.

In advising Effie Mae Oliver that her services were unsatisfactory, the Board of Education was no more specific than if it had merely told her that she was incompetent.

■ The Teacher Tenure Law contemplates the rudimentary requirements of fair play with reasonable notice and opportunity to be present, *information as to charges made*, and opportunity to controvert such charges, the right to examine and cross-examine witnesses, and submit evidence and be heard in person or by counsel. Board of Education of Choctaw County v. Kennedy, 256 Ala. 478, 55 So.2d 511.

Effie Mae Oliver was entitled to a detailed statement of the reasons why the County Board of Education had concluded that she was incompetent. § 359, Title 52, Code 1940, as amended.

Since the Board of Education did not give the required written notice, it acted incorrectly in cancelling the appellee's contract.

It follows that the judgment of the trial court awarding the peremptory writ of mandamus must be affirmed.

■ The question for our decision is whether the judgment of the trial court is correct, not whether the ground on which the trial court professed to proceed is tenable. Alabama Public Service Commission v. Mobile Gas Company, 213 Ala. 50, 104 So. 538, 41 A.L.R. 872.

Affirmed.

STAKELY, MERRILL, and COLEMAN, JJ., concur.