**Ernest L. GREENE, Petitioner,**

v.

**REAL ESTATE COMMISSION of the District of Columbia, Respondent.**

No. 4917.

District of Columbia Court of Appeals.

Argued Feb. 3, 1970.

Decided April 7, 1970.

George H. Windsor, Washington, D. C., for petitioner. Barrington D. Parker, Washington, D. C., appeared on the brief for petitioner.

Richard W. Barton, Asst. Corporation Counsel, with whom Hubert B. Pair, Acting Corporation Counsel, and Lewis D. Clarke, Asst. Corporation Counsel, were on the brief, for respondent.

Before KELLY, KERN and GALLA-GHER, Associate Judges.

PER CURIAM.

Petitioner, a licensed real estate broker, was charged by the Real Estate Commission of the District of Columbia with failing to account for or remit money of another in his possession within a reasonable time, D. C.Code 1967, § 45–1408(g), and demonstrating unworthiness or incompetency to act as a real estate broker, D.C.Code 1967, § 45–1408(h).[1] After a hearing at which petitioner was represented by counsel, the Commission found petitioner guilty of only the latter charge and suspended his license for 15 days.

■ Petitioner contends that Section 45–1408(h) is void for vagueness, an argument that was considered and rejected in Greene v. Real Estate Commission, D.C.App., 218 A.2d 508, 512 (1966). Petitioner refers us to Ricks v. District of Columbia, 134 U.S. App.D.C. 201, 414 F.2d 1097 (1968), decided after *Greene,* but we find nothing in that holding which would seem specifically applicable to a hearing before an administrative agency and requiring an overruling of *Greene.*

Petitioner also questions the sufficency of the evidence produced at the hearing to sup-

1. The applicable statute, Section 45–1408, provides in pertinent part:
    The Commission * * * shall have the power to suspend * * * any license * * * where the licensee, in performing or attempting to perform any of the acts mentioned herein, has—

    * * * * *
    (h) Demonstrated such unworthiness or incompetency to act as a real-estate broker * * * as to endanger the interests of the public;
    * * * * *

port the finding of guilt under Section 45–1408(h),[2] in view of the finding of innocence under Section 45–1408(g) for essentially the same conduct. No useful purpose would be served by presenting a detailed summary of the evidence and the findings of fact. The gravamen of the Board's charge was that petitioner accepted from his client a deposit of $500 to accompany a purchase offer he submitted to the owners of a house and thereafter he turned over such deposit to another broker[3] who made an unsuccessful effort to induce the sellers to accept the offer. Later, petitioner exhibited an acute lack of interest in making a refund to his client of the deposit when it appeared that the sale could not be made. Among other findings having ample support in the record, the Commission found that petitioner issued a company check drawn on insufficient funds to his client to repay the deposit, and thereafter allowed him to wait without explanation for some 45 days until his deposit was finally repaid by the second broker.

 The Commission could properly conclude upon its findings[4] that petitioner's careless and callous failure to inform his client of the reasons for the difficulty in repaying the deposit, of which he was a trustee, Keith v. Berry, D.C.Mun.App., 64 A.2d 300, 302 (1949), constituted such incompetence and untrustworthy conduct as to endanger the public interest. The fundamental doctrines "that a broker owes his principal the highest fidelity and is by the obligations of his trust bound to inform

the principal fully of every development affecting his interest * * * [has] been repeatedly and sternly declared by our courts." Jay v. General Realties Co., D.C. Mun.App., 49 A.2d 752, 755 (1946).

Affirmed.

---

2. The suspension of a broker's license solely under Section 45–1408(h) has been upheld. Brown v. Winston, 91 U.S.App. D.C. 58, 197 F.2d 601 (1952).

3. The other broker, Joseph Jackson, was a co-defendant in this proceeding and was charged with and found guilty of *both* failing to return within a reasonable time money in his possession belonging to someone else and of unworthy and incompetent conduct as a broker.

4. We do not consider certain evidence in the record, but not mentioned in the Commission's findings, which Corporation

Counsel argues to us constitutes additional support for the Commission's conclusion. "[T]he integrity of the administration process requires that 'courts may not accept appellate counsel's *post hoc* rationalizations for agency action'". NLRB v. Metropolitan Life Ins. Co., 380 U.S. 438, 444, 85 S.Ct. 1061, 1064, 13 L.Ed.2d 951 (1965); *accord,* NLRB v. Groendyke Transp., Inc., 372 F.2d 137, 141 (10th Cir.), cert. denied, 387 U.S. 932, 87 S.Ct. 2054, 18 L.Ed.2d 993 (1967); NLRB v. Capital Transit Co., 95 U.S.App.D.C. 310, 312–313, 221 F.2d 864, 866–867 (1955).