This is an appeal from proceedings under the Alabama Teacher Tenure Act, § 16-24-1, Code of Alabama 1975. Following notice and a hearing, the Board of School Commissioners of Mobile County cancelled the employment contract of Frank Marsh, a tenured teacher.
The Alabama State Tenure Commission, the appellants, sustained the action of the Board. Marsh then filed a petition for writ of mandamus before the Circuit Court of Mobile County, Alabama, seeking to set aside the order of the Tenure Commission. The circuit court granted the mandamus and reinstated Frank Marsh as a teacher with the Mobile County school system and *Page 741 
this appeal by the Tenure Commission ensued.
The evidence against Frank Marsh consisted mainly of the testimony of Dr. Schneider, the principal of the school employing Marsh. Dr. Schneider testified that based upon his evaluation and personal observation, his opinion was that Marsh was an incompetent teacher. Marsh had received unsatisfactory ratings from Dr. Schneider throughout the school year as was shown by documented evidence at the school board hearing. Dr. Schneider also testified that he heard Marsh use profanity while on school premises and that Marsh often arrived late at school. Dr. Schneider's personal observations consisted, in part, of visits to Marsh's classroom. Dr. Schneider testified that during several of these visits high level noise could be heard coming from Marsh's classroom, and the students would be idle, and Marsh would begin class only upon Dr. Schneider's arrival. Marsh's evidence in rebuttal did little to impinge on the credibility of Dr. Schneider's testimony.
Although numerous, the aforementioned events do not exhaust the charges leveled against Marsh at the school board hearing. It was also alleged that (a) Marsh did not teach to stated objectives as set forth by the school board and the State of Alabama, (b) he did not evaluate his students as to their basic knowledge or progress, (c) he taught at one level and made no attempt to adapt his program to the individual student, and (d) he did not use school time effectively. The Board also admitted hearsay evidence against Marsh which alleged that he had used a racial slur and profanity in the classroom and that he had been drinking alcoholic beverages on school grounds.
The trial court based its decision on two grounds. First, the court held that hearsay evidence could not be considered by the Board, and that such matters could be proven by direct testimony of witnesses who observed such conduct. The court based its findings on § 16-24-9, Code of Alabama 1975, which provides that a teacher "shall have a right to cross-examine the adverse witnesses." The trial court further held that the due process clause or equal protection clause of the fourteenth amendment required cross-examination of witnesses whose word would deprive a person of his or her livelihood. We think the trial court erred in its review of the Tenure Commission's decision.
Judicial review of the Commission's decisions is limited to two determinations. First, whether the procedural requirements of § 16-24-1, et seq., of the Code of Alabama 1975 were complied with, and second, was there sufficient evidence before the Tenure Commission to support its decision to uphold or reverse a board of education's conclusions. State TenureCommission v. Mountain Brook Board of Education, Ala.,343 So.2d 522 (1977).
The first inquiry which must be examined on appeal from decisions of the Tenure Commission involves whether proper procedural requirements were complied with. The trial court interpreted § 16-24-9 of the Teacher Tenure Act to prevent the introduction of hearsay evidence at a hearing before the Board of School Commissioners, and the appellee contends in effect that the admission of any hearsay evidence nullifies the Board's action regardless of whether the preponderance and weight of the evidence supports the Board's action.
Section 16-24-9 provides in pertinent part as follows:
 At a contested hearing, which shall be public or private at the discretion of the teacher, each party shall have a right to appear with or without counsel and shall have a right to be heard and to present the testimony of witnesses and other evidence bearing upon the reasons for the proposed cancellation of such contract and shall have a right to cross-examine the adverse witnesses.
It is obvious that § 16-24-9 provides for a contested hearing of the reasons for a proposed cancellation of the contract of a teacher with continuing service status. At such hearing, among other rights, the teacher is granted the right to cross-examine the adverse witnesses. *Page 742 
It is the argument of appellee that allowing hearsay testimony violates the statutory right of cross-examination and so infects the hearing as to require reversal of an adverse judgment. We do not agree.
It is our interpretation of the statute that it was not the intention of the legislature that the hearing before the board be raised to the status of a court of law insofar as the rules of admission of evidence are concerned. The board is not a court, but merely an administrative body unskilled in the rules of evidence. The admission of hearsay, even in a court of law, does not fatally infect the entire proceeding unless its consideration is considered so injurious to the interest of a party as to cause or contribute to an adverse judgment. Rule 45, ARCP. We find that the legislature intended only what it said, to give to a teacher the right to test the testimony of adverse witnesses by subjecting them to cross-examination as to the source of their knowledge, whether they were interested in the result or biased against the teacher. It was established in the case of Barnes v. State, 274 Ala. 705, 151 So.2d 619 (1963) that in the absence of a statute to the contrary, administrative boards are not restricted to consideration of evidence which would be legal in a court of law, but they may consider evidence of probative force even though it may be hearsay or otherwise illegal. We do not consider that the grant of the right of cross-examination to the teacher repeals the rule of that case. Had the legislature so intended, it had only to say that hearsay evidence could not be considered by the board. We therefore find that the procedural requirements of §16-24-1, et seq., Code of Alabama 1975, have been met in this case.
Once it is determined that the procedural requirements of the Teacher Tenure Act have been complied with, a second inquiry is necessary. This inquiry is whether there was sufficient evidence before the Tenure Commission to support its affirmation (or reversal) of the Board's original action in terminating a tenured teacher's contract. A decision of the Tenure Commission which is supported by sufficient evidence will not be reversed on appellate review unless it is against the preponderance of the evidence and overwhelming weight of the evidence. Sumter County Board of Education v. Alabama StateTenure Commission, Ala., 352 So.2d 1137 (1977). We have reviewed the evidence in the case and have concluded that there was sufficient evidence to support the decision of the Commission.
The judgment of the trial court is reversed and the cause is remanded to that court for it to reinstate the order of the State Tenure Commission affirming the decision of the Board of School Commissioners of Mobile County.
REVERSED AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P.J., and HOLMES, J., concur.