This is a teacher tenure case.
The teacher, Barbara Aaron, taught fourteen years in the Baldwin County school system. For the past nine years she taught physical education at the Baldwin County High School.
On September 3, 1980, the Baldwin County Board of Education advised the teacher of the proposed cancellation of her contract. The teacher contested her termination at a hearing before the Board. The Board voted to cancel the teacher's contract, whereupon the teacher appealed to the Alabama State Tenure Commission.
The Commission sustained the action of the Board of Education. Pursuant to § 16-24-38, Code of Ala. 1975, the teacher filed a petition for mandamus with the Circuit Court of Baldwin County, Alabama. The trial court denied the petition and the teacher appeals.
The teacher, through able counsel, alleges denial of the petition of mandamus was error because: 1) the evidence presented did not prove incompetency or insubordination on the part of the teacher; 2) the person to whom the teacher was allegedly insubordinate did not have supervisory authority over the teacher; and 3) evidence that the teacher received unemployment compensation after she was given notice of termination was improperly received and considered by the Board.
We find no error with the circuit court's denial of the petition for mandamus and affirm.
Viewed with the attendant presumptions, the record reveals several incidents during the 1979-80 school year which precipitated the Board's action.
In October, 1979, the teacher did not keep her physical education class dressed out for the entire class period. The Director of Physical Education, Charles McKinney, told the teacher she was required to keep her class dressed out the entire hour. Mr. McKinney testified that the teacher became upset and told him she did not have to obey Mr. McKinney's instructions. The teacher purportedly told Mr. McKinney she was only required to follow instructions from the principal or the school superintendent.
In April, 1980, the teacher and Mr. McKinney again became involved in a heated discussion over Mr. McKinney's act of disciplining one of the teacher's students. Mr. McKinney admitted that he shouted at the teacher. The teacher again told Mr. McKinney in a loud and angry voice she did not have to follow his instructions.
There was other evidence that the teacher often sat down in gym class rather than *Page 138 
actively coaching her students. Further, the teacher failed to comply with the grading standards set down for the entire physical education staff. Several members of the physical education faculty testified that these acts, among others, on the part of the teacher disrupted the teaching staff.
The Board of Education gave the teacher timely and proper notice of the proposed cancellation of her contract. The Board stated that the basis for the proposed cancellation was incompetency and insubordination. The Board listed six specific reasons to support its claim that the teacher was incompetent and insubordinate.
As noted above, after hearing oral testimony, the Board voted to cancel the teacher's contract. The Tenure Commission found the action of the Board was in compliance with the teacher tenure law and was neither arbitrarily unjust nor for political or personal reasons.
The Tenure Commission's conclusions and judgment will not be reversed on appellate review as being unjust unless it is against the preponderance of the evidence and the overwhelming weight of the evidence. Sumter County Board of Education v.Alabama State Tenure Commission, 352 So.2d 1137 (Ala. 1977).
We cannot say, after reviewing the record before us, that the preponderance of the evidence and the overwhelming weight of the evidence is contrary to the conclusion of the Tenure Commission. There is evidence that the teacher was insubordinate in that she willfully refused to follow the reasonable rules and regulations of the Director of Physical Education, Mr. McKinney. See State Tenure Commission v. MadisonCounty Board of Education, 282 Ala. 658, 213 So.2d 823 (1968). The teacher in this case refused to follow grading procedures. She engaged in several heated discussions with Mr. McKinney and blatantly refused to submit to his authority.
There is also evidence in the record to support the conclusion that the teacher was incompetent. Incompetency is a term which may be used to mean disqualification, inability, or incapacity. County Board of Education of Clarke County v.Oliver, 270 Ala. 107, 116 So.2d 566 (1959). Here, incompetency is evidenced by the teacher's failure to actively coach and instruct her pupils.
We find, therefore, the termination of the teacher's contract on the above mentioned statutory grounds of incompetency and insubordination to be fully supported by the evidence.
The teacher contends she was not insubordinate because Mr. McKinney was not properly exercising supervisory authority over her. We find the recent decision of Heath v. Alabama StateTenure Commission, 401 So.2d 68 (Ala.Civ.App.), cert.denied,401 So.2d 72 (Ala. 1981), to be controlling. The record shows Mr. McKinney was specifically hired to be the Director of Physical Education. The entire physical education faculty, except this teacher, understood Mr. McKinney was in charge of the department. The evidence, then, is sufficient to show that Mr. McKinney did indeed have supervisory authority over the teacher. Her failure to obey his directives, as noted above, amounted to insubordination. Heath v. Alabama State TenureCommission, supra.
The teacher before this court adamantly contends that the Board's receipt of evidence concerning her application for unemployment compensation was outside the scope of the charges brought against the teacher and was an improper ground for the cancellation of her contract.
The Board is allowed to admit and consider evidence of probative value even though it might not be admissible in a court of law. Wright v. Marsh, 378 So.2d 739 (Ala.Civ.App.),cert.denied, 378 So.2d 742 (Ala. 1979). In the instant action, however, we do not need to determine whether the evidence was properly admitted. Assuming, arguendo, that the Board of Education erroneously allowed evidence concerning the teacher's unemployment compensation, its admission could amount to no more than mere harmless error. In this instance, the *Page 139 
judgment will not be reversed on the ground of the admission of the incompetent evidence if sufficient proper evidence was admitted to sustain the decision of the Tenure Commission.Scott Paper Co. v. Novay Cherry Barge Service, Inc.,48 Ala. App. 368, 265 So.2d 150 (1972). As indicated above, there was sufficient competent evidence to support the Tenure Commission's determination that the teacher was insubordinate and incompetent.
We find the Tenure Commission's decision was not against the preponderance of the evidence and the overwhelming weight of the evidence. The circuit court did not err to reversal in denying the teacher's petition for a writ of mandamus.
In light of the foregoing discussion, we affirm.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.