This is a teacher tenure case.
Melvin Gardner was employed by the Washington County School Board (Board) as a tenured teacher. In June 1987 Gardner was notified that the Board intended to cancel his contract. After hearings were conducted, the Board voted to terminate Gardner's contract. The State Tenure Commission (Commission) affirmed the Board's decision, and Gardner filed a writ of mandamus with the circuit court. The circuit court upheld the Commission's decision. Gardner now appeals to this court. We reverse.
The dispositive issue on appeal is whether the Board properly complied with the notice provision of Ala. Code (1975), §16-24-9 (1987 Repl.Vol.). *Page 607 
That section in pertinent part is as follows:
 "An employment contract with a teacher on continuing service status may be cancelled only in the following manner:
 "The employing board of education shall give notice in writing to the teacher stating in detail
the reasons for the proposed cancellation. . . ." (Emphasis supplied.)
Here, the only reasons set out in the notice of the proposed cancellation were incompetency, neglect of duty, and other good and just cause. However, there was no detailed statement of the reasons why the Board had come to such a conclusion.
The Supreme Court of Alabama has specifically addressed the issue before us now. In County Board of Education of ClarkeCounty v. Oliver, 270 Ala. 107, 109, 116 So.2d 566, 567 (1959), the teacher was notified that her work " 'had been unsatisfactory and incompetent.' " The supreme court held that incompetency was a ground for cancellation of a contract and that such term was generic in meaning and conveyed no information of the particular act of commission or omission, or want of qualification which would authorize the Board to conclude that the teacher was incompetent. The supreme court found that the teacher was entitled to a detailed statement ofthe reasons why the Board had concluded that she was incompetent and that, since the Board had failed to give the required written notice, it acted incorrectly in cancelling the teacher's contract.
We point out that Oliver was decided prior to the enactment of § 16-24-9. However, the provision on which the court inOliver relied contains the same language as § 16-24-9.
In view of the above, we find that the reasons given by the Board in this instance, i.e., incompetency, neglect of duty, and other good and just cause, do not comply with the requirements of § 16-24-9. They are simply grounds for cancellation of a tenured teacher's contract, pursuant to §16-24-8, and did not give Gardner any information as to the charges against him. Gardner was entitled to a detailedstatement of the reasons why the Board sought to cancel his contract. Oliver, 270 Ala. 107, 116 So.2d 566. The Board did not give the required written notice set out in § 16-24-9 and, therefore, erred in cancelling Gardner's contract. This case is due to be reversed and remanded with instructions to enter a judgment consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
INGRAM, P.J., and ROBERTSON, J., concur.