217 So.2d 242

**W. T. SMITH**

**v.**

**A. P. STOUTOMIRE.**

**1 Div. 494.**

Supreme Court of Alabama.

Nov. 21, 1968.

Rehearing Denied Jan. 16, 1969.

W. C. Taylor, Mobile, for appellant.

Howell, Johnston, Langford & Finkbohner, Mobile, for appellee.

HARWOOD, Justice.

The complaint in this case as originally filed contained four counts, and the defendants were designated in the caption as "Ferrell Construction Company, a corporation, a partnership, a sole proprietorship, whose name is otherwise unknown but which will be added by amendment when ascertained, and W. T. Smith and Perry Coleman and William L. Ferrell, jointly and individually."

The defendant's demurrer to the complaint was sustained. The complaint was then amended by changing the caption to designate the defendants as "Ferrell Construction Company, a corporation, and the XYZ Company, a corporation, a partnership or sole proprietorship, whose name is otherwise unknown but which will be added by amendment when ascertained, and W. T. Smith and Perry Coleman and William L. Ferrell, jointly and individually."

All other allegations of the complaint were re-adopted.

The complaint was further amended by adding Count 5, claiming $5,000 damages for fraud, deceit, and misrepresentation (later amended to increase damages to $10,-000).

Demurrers to the complaint as amended were overruled.

In his charge to the jury, the court eliminated Count 1, and the cause was submitted to the jury on Counts 2, 3, 4, and 5 of the complaint as amended.

Counts 2, 3, and 4 are in Code Form.

Count 2 claims $1,450 for monies received by the defendant for the use of the plaintiff.

Count 3 claims $355.00 for work and labor.

Count 4 claims $1,000 as damages for conversion of an automobile.

Count 5 sounds in fraud and misrepresentation in connection with an agreement for the construction of a house, and claims $1,450 in actual damages, and in addition claims punitive damages.

Upon the trial of this cause the jury returned a general verdict in favor of the plaintiff and fixed his damages at $4,919, and judgment was entered pursuant to the verdict.

Only the defendant W. T. Smith has perfected an appeal from said judgment.

At the threshold of this review we are confronted with appellee's motion, and argument in support thereof, to strike appellant's assignments of error, or in the alternative to affirm the trial court, because of deficiencies in said assignments. Several of the assignments of error are faulty in one or more aspects.

Assignment of Error 1 reads:

"The court erred in refusing to sustain defendant's demurs (sic) to the complaint as amended. (Tr. p. 9.)"

This assignment of error is to the complaint as a unit. The complaint contained five counts, claiming damages in different amounts and on separate and differing claims. Counts 2, 3, and 4 are in Code Form.

If separate consideration of each distinct unit of a pleading is sought, it is necessary to assign as error the ruling in respect to each unit.

Counts 2, 3, and 4 being common counts in Code Form, the demurrer was properly overruled as to these counts. This being so, the single assignment of error going to the complaint as a whole cannot be upheld. Lonnie Russell Ford, Inc. v. Mitchell, 279 Ala. 340, 185 So.2d 132; Central of Georgia Ry. Co. v. Hinson, 262 Ala. 223, 78 So.2d 286.

Assignment of Error 2 is quite lengthy. It starts off stating the case, contains conclusions from the evidence, refers to a failure to comply with the building code of the City of Mobile, and asserts lack of privity between the plaintiff and defendant, and cites Section 10, Title 57, Code of Alabama 1940 (Statute of Frauds), quotes from the testimony of the plaintiff on cross examination, annd asserts that "Mrs. Glover declined to sell 26 feet frontage desired by Stoutomire (T. p. 61), which prevented the carrying out of the contract at the time."

Assignment of Error 3 is likewise quite lengthy. It apparently complains of the

court's rulings during the testimony of several witnesses, and recites that the court "committed reversible error in that the trial court exercised its discretion in allowing outside witnesses (naming three) to come into the case which they have no interest in one way or the other * * * based on Roan v. Smith [272 Ala. 538], 133 So.2d 224 * * *" (Par. ours.)

■ Both Assignment of Error 2 and Assignment of Error 3 are confusing, indefinite, and uncertain. They are argumentative, and attempt to assert various alleged errors in a general way. Certainly they fail to particularize any specific error relied on. These defects prevent our consideration of these assignments. Anderson v. Smith, 274 Ala. 302, 148 So.2d 243; First National Bank of Birmingham, etc. v. St. Clair County, 272 Ala. 247, 130 So. 2d 378; Alabama Public Service Commission v. Mobile Gas Co., 213 Ala. 50, 104 So. 538, 41 A.L.R. 872.

■ Assignment of Error 6 is based upon an excerpt from the testimony of the plaintiff on direct examination. This excerpt shows that no objections were interposed to any of this testimony.

■ Only adverse rulings of the trial court are subject to assignment of error on appeal from a judgment in a civil case. Dudley Bros. Lumber Co. v. Long, etc., 268 Ala. 565, 109 So.2d 684; Morris v. Yancey, 267 Ala. 657, 104 So.2d 553.

Assignment of Error 7 seeks to assert that the court "disregarded" the Statute of Frauds as provided in Section 10, Title 57, Code of Alabama 1940.

■ The assignment is probably faulty, but regardless, the defendant filed only two pleas both being the general issue. The Statute of Frauds not being specially pleaded, and it not appearing from the face of the complaint that the Statute was violated, the defense of the Statute of Frauds is considered waived, not being available under a plea of the general issue.

Smith v. Pritchett, 98 Ala. 649, 13 So. 569; Johnson v. Delony, 241 Ala. 16, 1 So.2d 11.

Assignment of Error 5 reads:

"The court charged punitive damages, and such damages are not proper in this case. The evidence doesn't support same and the court committed reversible error charging the jury as it did that they may return a verdict with punitive damages."

■ This assignment does not disclose that an exception was taken to the oral charge of the court, nor the terms of such exception if taken, that is, whether any sufficient exception was or was not reserved. Error, if any, would spring from the terms and sufficiency of the exception taken, and the court's ruling thereon. As stated in Morris v. Yancey, 267 Ala. 657, 104 So.2d 553:

"This court has repeatedly held that only adverse rulings are subject to an assignment of error on appeal from a judgment in a civil case based on a jury verdict." (Numerous citations omitted.)

We further note that the instructions of the court relative to punitive damages pertained to Count 5, which claimed punitive damages because of fraud and misrepresentation.

"It is no longer subject to question that punitive damages are allowed in this state in fraud cases where the defendant has made false representations intended to defraud the plaintiff." J. Truett Payne Motor Co. v. Jackson, 281 Ala. 426, 203 So.2d 443.

■ The evidence warranted the submission to the jury the question of fraud on the part of the defendant, and the court's oral instructions in this aspect were full, fair, and correct.

The Fourth Assignment of Error pertains to the action of the court in denying appellant's motion for a new trial on the ground that the damages were excessive,

**380**

and in denying a subsequent specific motion for a remittitur.

The record shows that the verdict was rendered and judgment was entered on 26 October 1967.

On 31 October 1967, written notice of appeal was filed, and on 6 November 1967, security of costs for appeal (appeal bond) was filed. Citation of Appeal was issued on 10 November 1967, and was served on 14 November 1967. On 14 November 1967, the Clerk of the Circuit Court of Mobile County issued a Certificate of Appeal, which was filed in this court on 14 November 1967.

 Thereafter, on 17 November 1967, the appellant filed his motion for a new trial, alleging among other grounds excessiveness of damages. This motion also contained a prayer for a remittitur of damages. At the same time appellant filed a supersedeas bond. This motion was continued and set for hearing on 24 November 1967, and on that date was heard and taken under consideration. On 18 December 1967, the court entered an order denying the motion, setting forth, as to this appellant:

"The defendant, W. T. Smith having perfected his appeal of this case prior to filing his motion for a new trial, this court has no jurisdiction to entertain and no power to rule on his Motion for a New Trial. Hudson v. Bauer Grocery Co., 105 Ala. 200 (211) [16 So. 693]; Robinson v. Morrison, 272 Ala. 552 (561) [133 So.2d 230]; United Insurance Company of America v. Powers [Pounders], 279 Ala. 410 (413) [186 So. 2d 125].

\*   \*   \*   \*   \*   \*

"Now, therefore, it is ordered and adjudged by the Court that the Motion for a New Trial filed by the Defendant, W. T. Smith, is coram non judice and void."

The authorities cited by the lower court fully support the action taken in the premises.

 On 27 December 1967, the appellant filed a "Petition for Leave to File a Motion for a Remittitur." On 29 December 1967, the court entered an order to the same effect as that entered on the motion for a new trial. This action was correct under the authorities cited in the order of the court relative to the motion for a new trial.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.