228 So.2d 829

**J. T. GREENE et al.,**

**v.**

**WASHINGTON COUNTY BOARD OF EDUCATION.**

**I Div. 9.**

Court of Civil Appeals of Alabama.

Dec. 1, 1969.

Wyman O. Gilmore, Grove Hill, and William L. Howell, Mobile, for appellants.

Edward P. Turner, Jr., Chatom, for appellee.

WRIGHT, Judge.

This is an appeal from the issuance by the court below of a peremptory writ of mandamus.

The County Board of Education of Washington County under authority of Title 52, Section 355, 1940 Code of Alabama, Recompiled 1958, transferred David C. Howell, a teacher at Leroy High School to North Central High School. This transfer was for the school year 1968–69. From this order of transfer, Howell demanded a hearing before the Board. A hearing was held by the Board, with testimony being taken and transcribed. The Board of Education approved the transfer by its order of August 1968.

Howell appealed from the decision of the Board to the State Tenure Commission, as provided by Title 52, Section 357, Code of Alabama 1940, as amended by Act 773 (1953), on August 17, 1968. This appeal was heard by the Commission on September 18, 1968. The record of the proceedings before the Board of Education of Washington County was reviewed, and David C. Howell was represented by counsel. On September 18, 1968, the State

Tenure Commission entered an order declaring the transfer of Howell void and for naught, declaring the transfer was for personal and political reasons. Petition for alternative writ of mandamus was presented to William G. Lindsey, Circuit Judge of Washington County, on the 11th day of October 1968. An order granting the petition, and the issuance of the alternative writ of mandamus was entered by the court on the same date, and made returnable on the 19th day of November, 1968. This writ was directed to the members of the State Tenure Commission, appellants herein.

A pleading entitled, "Answer to Alternative Writ," was filed by counsel for the Commission on November 19, 1968. Their answer was directed to the petition and the writ. It admitted the material allegation of the petition and included the following:

"* * * The Alabama State Tenure Commission should not be commanded to show cause why the order of said board should not be set aside and annulled; instead, every inference should be drawn by this honorable court that the decision of the Alabama State Tenure Commission was just and correct in all respects * * *"

The hearing was duly held on November 19, 1968, by Judge Lindsey. The proceedings began by the offering into evidence, by counsel for appellee here, the order of transfer of the Board of Education, and the transcript of the proceedings, and evidence presented to the Board on the original hearing. This transcript included testimony of some 10 witnesses, and a copy of the decree of the United States District Court, Case No. 604–E, Middle District of Alabama, commonly known as the Macon County Board of Education case. Also introduced was the Order of the State Tenure Commission.

Appellee here, then summoned a witness to the stand and began to question him. To this offering of testimony counsel for appellant objected, and stated to the court that any evidence outside the record of the prior hearings was improper, and that the province of the court on the hearing, for a rule nisi was to review the prior proceedings and determine therefrom if the action of the State Tenure Commission was unjust.

Counsel for appellee insisted to the court that the pending proceedings were de novo, and after discussion, the court overruled appellants' objection and proceeded to hear some 65 transcript pages of testimony on whether the transfer of Howell was for political or personal reasons and arbitrarily unjust.

Upon completion of the testimony, the court took the matter under advisement, and on November 22, 1968, entered a decree finding that the evidence was considered insufficient to support the decision of the State Tenure Commission, and that the decision was unjust, and further finding from the evidence that the transfer of David C. Howell was not for personal or political reasons, and was not unjust. The relief prayed in the petition was granted, and a peremptory writ of mandamus was directed to issue to appellants commanding them to set aside and vacate their order of September 18, 1968, and assessing the costs against them as members of the State Tenure Commission.

The writ was issued by the clerk the same day, and notice of appeal was filed.

This lengthy résumé of the proceedings below is felt necessary for full understanding of the matter to date, and of this Court's opinion.

Appellants filed 9 assignments of error. Assignments 1 through 3 are general in nature and, in essence, charge error in the granting of the peremptory writ of mandamus. In oral argument, counsel for appellants stated that the real basis of these assignments was the insufficiency of the evidence.

█ There was filed by appellee, a motion to strike appellants assignments of er-

ror for failure to comply with Rule 1, Revised Rules of Practice in the Supreme Court. The Court, after thorough consideration of the form and nature of the first three assignments of error, and of the purpose of Rule 1, is of the opinion that the motion of appellee is well taken and should be granted as to assignments 1, 2 and 3.

This opinion is based upon the generality of these assignments, which if properly considered, would require this Court to search every page of the record and transcript to determine the nature and location of the error, if any, present. Relief from the necessity of undertaking such a burden, is the purpose of Rule 1.

The Supreme Court of Alabama stated in Smith v. Jackson, 277 Ala. 257, 169 So.2d 21:

"Adequate specifications of errors relied on are necessary if our review is to be invoked." Citing Knight et ux. v. Taylor Real Estate & Ins. Co., 38 Ala.App. 295, 83 So.2d 353(3), cert. denied, 263 Ala. 699, 83 So.2d 356.

It is further stated in McClendon v. State, 278 Ala. 678, 180 So.2d 273, "These assignments do not comply with Supreme Court Rule 1. They do not state concisely of what the error consists. They should do so. Errors assigned in this way will not be considered by this court." Citing Woodruff v. Smith, 127 Ala. 65, 28 So. 736, 54 L.R.A. 440; Hall v. Pearce, 209 Ala. 397, 96 So. 608; Miles v. Moore, 262 Ala. 441, 79 So.2d 432; Jackson Lumber Co. v. Butler, 244 Ala. 348, 13 So.2d 294; Hughes v. McAnnally, 272 Ala. 169, 130 So.2d 176.

■ In addition to appellants' failure to comply with Rule 1, they have also failed to comply with Supreme Court Rule 9. The point of assignments 1, 2 and 3, as stated by counsel in oral argument, is obviously the insufficiency of the evidence in the transcript. There is no effort whatever in appellants' brief under the heading "Statement of Facts" to set out a con-

densed recital of the evidence given by each witness in narrative form bearing on the points in issue, so as to fully present the substance of the testimony of the witness clearly and concisely as required by Rule 9(b). This failure again places an undue burden on this Court.

It has been clearly stated by the Supreme Court of this State that the purpose of this Rule is to enable the Court to determine from the briefs of counsel whether there was error in the trial court, without making it necessary to explore the entire record. Stanley v. Beck, 242 Ala. 574, 576, 577, 7 So.2d 276, 278. Employers Insurance Co. of Alabama, Inc. v. Watkins, 280 Ala. 681, 198 So.2d 258.

"* * * If there is a failure to comply with Rule 9, there is, as a consequence, a failure to insist upon errors assigned; and that the failure to insist upon errors assigned is a waiver and an abandonment of them. * * *" Mothershed v. Mothershed, 274 Ala. 528, 530, 150 So.2d 372, 373.

For failure of appellants to comply with Rule 1 and Rule 9, Supreme Court Rules, we consider assignments of Error 1, 2 and 3 as waived, and do not consider them.

■ The remaining Assignments of Error, 4, 5, 6, 7 and 8, are substantially the same, and appellants submit the argument in support of Assignment 4, applies to Assignments 5, 6, 7 and 8. Assignment 9 is not argued in brief and is therefore waived.

■ The error charged in all of these assignments, is in essence, that the court below erred in allowing a trial de novo and the taking of additional testimony other than that which was before the Board of Education and the State Tenure Commission.

There is no question but that the hearing before the court below, on the petition for an alternative writ of mandamus, was due to be in the nature of review rather than a trial de novo.

**220**

Prior to enactment by the legislature of Act No. 773, 1953 regular session of the Alabama Legislature, the only method of review of the action of a local board of education in transferring a teacher was by bill in equity for specific performance of the contract of employment. Act No. 773 substantially amended Chapter 13, Title 52, Code of Alabama 1940. There was added an entirely new section, now Section 356, Title 52, Code of Alabama 1940, as recompiled in 1958, entitled, "Method of contesting a proposed transfer." The following Section 357, provides for "Appeal from transfer of teacher." Section 361 is also a new section as contained in Act No. 773, 1953. This section reads as follows:

"Section 361. Finality of action of state tenure commission; review.—The action of the state tenure commission in reviewing transfers of teachers or cancellation of teacher contracts, if made in compliance with the provisions of this chapter, and unless unjust, shall be final and conclusive. Whether such action complies with the provisions of this chapter and whether such action is unjust, may be reviewed by petition for mandamus filed in the circuit court of the county where said school system is located." (1953, p. 1044, appvd. Sept. 16, 1953.)

The language of this section is clear and unambiguous in providing for "review" (quotation marks ours) by petition for mandamus filed in the circuit court.

The word *review,* as defined in Black's Law Dictionary, is "To re-examine judicially—a reconsideration." The appellee apparently concedes in his brief that review does not mean trial de novo. Counsel should not have aided the court below in committing this error.

The case of Gainer v. Board of Education of Jefferson County, 250 Ala. 256, 33 So.2d 880, lays at rest the question of trial de novo.

It is contended by appellee that the action of the court below in permitting a trial de novo is error without injury, and that the record before the Tenure Commission is sufficient to support the decree of the court. This argument has no validity. This Court does not intend to prejudge that issue.

The decree and peremptory order of the court below specifically refers to evidence having been submitted by petitioner and defendants, and further states "after hearing the evidence * * * and after duly considering the evidence it is established," et cetera. We can only conclude that the order was issued after all evidence, both the record before the Tenure Commission and that produced by appellee, was considered, and the total was the basis for the peremptory order. There were some 65 pages of the transcript comprised of new and additional testimony considered by the court. We must conclude this additional evidence influenced the decision of the court. Therefore, the order granting the peremptory writ of mandamus must be set aside.

Appellee contends appellants did not file a proper answer to the alternative writ or, in fact, filed no answer at all. Cited in support of this contention are the cases of Gainer v. Board of Education of Jefferson County, 250 Ala. 256, 33 So.2d 880; Longshore v. State ex rel. Turner, 137 Ala. 636, 34 So. 684.

The petition for mandamus as filed by petitioner below, contained a step by step narrative of the acts of the Washington County Board of Education, and the State Tenure Commission, including attached exhibits, which were the orders of each administrative body. The petition and rule nisi were served as one instrument upon defendants. An answer was filed by defendants entitled, "Answer to the Alternative Writ." The answer admitted the allegations of the petition, except for the prayer. It further contained the following: "The Alabama State Tenure Commission should not be commanded to show cause why the order of said board should not be set aside and annulled; instead, every inference should be drawn by this

Honorable Court that the decision of the Alabama State Tenure Commission was just and correct in all respects."

We hold this to be a sufficient answer to place in issue the matters contained in the alternative writ. The Writ contained no facts upon which petitioner based its right, other than by reference to the petition. The petition showed apparent compliance with the proper statutes. There were no procedural irregularities averred in the petition. Only the charge that the Tenure Commission order was arbitrarily unjust was alleged, and this was a conclusion. To the allegation of the Commission order being arbitrarily unjust, defendants answered that every inference should be drawn that it was just. This, in our opinion, sufficiently drew the issues for the hearing on the writ. We do not consider this holding to be contrary to the rule of the Gainer v. Board of Education of Jefferson County case.

There was a motion presented by appellee at the time of oral argument before this Court for the dismissal of the appeal on the ground that the issues are now moot. The motion is hereby denied.

The peremptory order of the court below is hereby set aside and this cause is reversed and remanded.

Reversed and remanded.