236 So.2d 337

**The LAMAR COUNTY BOARD OF EDUCATION et al.**

v.

**Laverne C. STEEDLEY.**

**6 Div. 24.**

Court of Civil Appeals of Alabama.

June 3, 1970.

Young, Young & Gosa, Vernon, Rogers, Howard, Redden & Mills, Birmingham, for appellants.

Tweedy & Beech, Jasper, Ronald H. Strawbridge, Vernon, for appellee.

BRADLEY, Judge.

This case began with a hearing before the Lamar County Board of Education (hereinafter called Board), pursuant to Title 52, Section 356, Code of Alabama 1940, as Recompiled 1958, wherein the appellee contested his proposed transfer from the Millport High School to the Kennedy Consolidated School, both schools being in Lamar County. After the transfer was reaffirmed by the Board, appellee appealed to the State Tenure Commission (hereinafter called Commission) for a review of the Board's decision as is authorized by Title 52, Section 357, Code of Alabama 1940, as Recompiled 1958. The Commission, after hearing, upheld the Board's decision to transfer, and appellee thereupon filed a petition in the Circuit Court of Lamar County seeking a writ of mandamus to be issued against the Board, the Commission and the individual members of each agency, seeking to have set aside the order of the Commission upholding the Board.

A demurrer was filed to the original petition and it was sustained. Thereupon, appellee amended said petition and the demurrer which was filed thereto was later overruled. Respondents then answered the petition.

Trial was had before the Circuit Court based on the transcript of the proceedings made before the Board, the taking of additional oral testimony on behalf of petitioner over the objection of respondents, and the answer of respondents.

Judgment was entered against the respondents on August 26, 1969, and on August 29, 1969 respondents appealed to the Supreme Court of Alabama.

On September 12, 1969 the trial court amended its final judgment so that the writ of mandamus would be directed against the Commission as well as the Board.

The case was subsequently transferred to this court for decision.

The appellants have filed three assignments of error with the record in this case.

Assignment number two contends that the final judgment of the Circuit Court is erroneous.

The facts in the case reveal that appellee was a teacher and coach at the Millport High School which is located in Lamar County, and had been so employed for the past four years.

The testimony given to the Board tended to show that the appellee was highly regarded as a coach and teacher, and that his character and reputation was good.

It also was shown by the proceedings before the Board that a conflict had developed between the appellee and principal of Millport High relating to the athletic program.

After one of the football games in 1968, appellee had threatened to resign because of some alleged problems with the principal and later a disagreement arose be-

tween the appellee and principal concerning basketball practice by some of the students while football practice was in progress.

After this confrontation with the principal, appellee went to the County Superintendent of Education's office and requested a transfer. Mr. Allen, the Superintendent, told the appellee that the County Board of Education had sole authority to transfer a teacher from one school to another school in the county, but that he would recommend to the Board at their next meeting that appellee be transferred to another school.

On February 25, 1969 the Board, on written recommendation of the Superintendent, gave to the Superintendent authority to transfer appellee to another school in the county after the Superintendent had informed the Board that appellee requested the transfer.

The Board, at its meeting on March 19, 1969, approved the minutes of the February 25, 1969 meeting, at which time appellee's requested transfer had been granted.

On May 7, 1969 the Board held a meeting to which it had invited the principal of Millport High and the appellee to appear and make a statement about the problems each had encountered during the past school year.

The principal stated that appellee had not cooperated to the fullest so far as the athletic program at the school was concerned, and that it would hurt the program if appellee was permitted to return to the school.

Appellee countered by stating that he had been treated unfairly at the school because the principal had not given his full support to the football program.

No recommendations or motions were made to the Board to rescind its previous decision to transfer appellee from Millport High.

On May 26, 1969 the Board, during its meeting, was informed that appellee had requested, in writing, a hearing before the Board to contest his transfer from Millport High to Kennedy Consolidated School. This school was located six miles from Millport High.

It should be pointed out here that prior to the request for a hearing before the Board, appellee had been notified in writing that the Board had transferred him to the Kennedy School, as requested, without loss of status or violation of his contract.

On June 9, 1969 the Board held a hearing on the transfer as requested by appellee. The proceedings before the Board were taken by the Court Reporter of the 24th Judicial Circuit. Witnesses appeared and testified on behalf of appellee; the County Superintendent testified and introduced into evidence the minutes of the Board reflecting its action on the matter in controversy.

Several of the witnesses testifying on behalf of appellee stated that two or three of the Board members had stated to them that the transfer was for "personal" reasons. However, on cross-examination of these same witnesses, they further stated that the "personal" reasons were not personal to the Board members.

The testimony of some of the witnesses for appellee was to the effect that there was a conflict between the principal of the school and appellee.

After the hearing, the appellee was notified in writing that the Board was going to abide by its original decision to transfer him to Kennedy School.

Appellee then filed notice of appeal to the State Tenure Commission from the Board's decision.

Although we are unable to find in this record the notice of appeal to the Tenure Commission, with a copy of said appeal being filed with the Board, as required by Title 52, Section 357, supra, we do

find in Exhibit B–1, page 95 of the transcript, correspondence between the Tenure Commission and the attorney for the Board which states that the appellee notified the Board and the Commission of his desire to appeal the Board's decision to the Commission. The Board's attorney then went on to explain the problem of obtaining a transcript of the proceedings from the court reporter within the 20 day period required by statute.

It also appears from Exhibit B–2, transcript page 99, that the Secretary of Commission acknowledged the appeal of the appellee, Steedley, to the Commission, asking for a review of the decision of the Board to transfer him to another school.

The Commission heard the appeal of Mr. Steedley on July 16, 1969, and on that same day rendered a decision upholding the action of the Board transferring him to another school.

Appellant, in support of his assignment of error two, makes several arguments, one of which questions the validity of the Commission's order.

It is suggested that in order for a decision of the Commission to be valid, it must be based on a timely appeal from the Board, and it is further suggested that the appeal from the Board to the Commission did not come within the time periods required by the statutes. See Title 52, Sections 361 and 357, Code of Alabama 1940, as Recompiled 1958.

The record does not contain a copy of the notice of appeal filed with the Commission by appellee, Steedley, but it does contain correspondence had between the Commission and the attorney for the Board and the Secretary of the Commission and the attorney for the Board, which clearly shows that an appeal to the Commission was taken by the appellee, Steedley, and that a hearing was had before the Commission, based on the proceedings had before the Board. The record also reflects a copy of the order of the Commission at the conclusion of the hearing.

Furthermore, the record is silent as to any objection having been made by the Board that a timely appeal thereto had not been made by the appellee, Steedley.

In this state of the record, we deem the order of the Commission affirming the action of the Board to be a valid and binding order that would support the action of the appellee, Steedley, in asking the Circuit Court to review by writ of mandamus the decision of the Commission.

Appellants also contend that the final judgment of the Circuit Court, entered on August 26, 1969, from which an appeal to the Supreme Court was taken, was void on two grounds, i. e., the judgment was directed solely against the Board, and that additional testimony was taken at the trial, over the objection of respondents, which made it a trial de novo.

An examination of the judgment rendered on August 26, 1969, reveals that all references, except one, were directed to the Board rather than to the Commission.

The one exception referred to "Respondents" and, of course, the Commission was a respondent, but the rest of the paragraph is so phrased that it could be construed as being directed only to the Board and its members.

It is the opinion of this court that the judgment of August 26, 1969 was directed to the Board, when it should have been directed to the Commission.

See Title 52, Section 361, supra, wherein it is provided that the Circuit Court, upon being presented a petition for mandamus, reviews the action of the Commission to determine whether it was made in compliance with the provisions of applicable law, and whether such action was unjust.

The provisions of Section 361, supra, were not complied with by the Circuit Court in its August 26, 1969 judgment.

The Circuit Court on September 12, 1969 amended its August 26, 1969 judgment so that it referred to the Commission and complied with Section 361, supra.

Appellants object to the Amendment to the Judgment on the ground that it came after an appeal had been taken to the Supreme Court from the judgment of August 26, 1969, and it, therefore, is a nullity and cannot be considered by us.

An appeal from a final judgment of the Circuit Court taken to the Supreme Court removes jurisdiction of the Circuit Court to the Supreme Court, and the Circuit Court is precluded from acting on matters involved in the appeal, but it is not prohibited from proceeding in matters collateral to those raised by the appeal. Northcutt v. Northcutt, 45 Ala.App. 646, 235 So.2d 896 (Court of Civil Appeals, 5-6-70); United Ins. Co. of America v. Pounders, 279 Ala. 410, 186 So.2d 125; Smith v. Stoutomire, 283 Ala. 376, 217 So.2d 242; Barran v. Roden, 263 Ala. 305, 82 So.2d 398; and City of Birmingham v. Bouldin, 280 Ala. 85, 190 So.2d 279.

Appellee says the amendment was made within thirty days of the rendition of the original judgment, and was for the purpose of correcting the original judgment so that it will now express the full intention of the Circuit Court.

The petition for mandamus and the alternative writ of mandamus were directed to the Commission and the Board, and the amendment to the final judgment was to make the original judgment conform to the prayer for relief set out in the petition.

As stated in Gorum v. Samuel, 274 Ala. 690, 151 So.2d 393, "[a] Circuit Court has inherent power to amend its own record so as to make it speak the truth, within the rules that govern actions in that court and in such cases."

Hence, we find no error committed here.

Although we find no error in the action of the trial court in amending its judgment, we do think that the trial court erred in awarding relief to the appellee, Steedley, and against both the Board of Education and the Tenure Commission.

As we said in the case of Cullman City Board of Education v. Buchanon, 45 Ala. App. 357, 231 So.2d 134, cert. den. 285 Ala. 754, 231 So.2d 137:

" * * * we feel that the judgment in this case should be reversed because in our opinion the suit should not have been maintained against the City Board of Education but against the State Tenure Commission only. Title 52, Sec. 361 of the 1968 Recompiled Code of Alabama reads as follows:

" 'Finality of action of state tenure commission; review.—The action of the state tenure commission in reviewing transfers of teachers or cancellation of teacher contracts, if made in compliance with the provisions of this chapter, and unless unjust, shall be final and conclusive. Whether such action complies with the provisions of this chapter and whether such action is unjust, may be reviewed by petition for mandamus filed in the circuit court of the county where said school system is located. (1953, p. 1044, appvd. Sept. 16, 1953.)'

"We think that by creating the State Tenure Commission the Legislature intended to set it up as an intervening agency between the board of education and the aggrieved teacher or between the aggrieved board of education and the teacher, as the case may be, and that the review provided for by the above quoted statute was of the findings of the State Tenure Commission on appeals from boards of education and not for a direct review of the action of the boards of education. Therefore, in this case only the State Tenure Commission should have been named as the sole respondent and relief should have been granted against the Tenure Commission only, and, if granted, the writ should have directed the Tenure Commission to vacate its order affirming the action of the Board of Education and reverse the action of said Board.

"Since, the trial court had jurisdiction of the subject matter and of the respondent City Board of Education, we conclude that the judgment of the trial court was not void, but that the same should be reversed as to respondent City Board of Education, because it purported to review the action of the Board of Education instead of the ruling of the State Tenure Commission as intended by the statute."

■ Even though the amended judgment in the case now before us recited that the Commission's order was unjust, the main thrust of the judgment rendered was directed against the Board, for the court not only found that the action of the Board was violative of the provisions of Title 52, supra, but also ordered the Board to reinstate appellee at Millport High School and further to pay all costs of the proceeding.

All of which, we think, violates the spirit and letter of the legislation creating the State Tenure Commission. See Act No. 773, Acts of Alabama 1953, p. 1040.

Appellants say that the judgment as amended is invalid for that the trial had before the Circuit Court on the petition for mandamus and the alternative writ, was a de novo proceeding, and such a proceeding is not authorized by Section 361, supra. In support of this proposition, appellants cite us to a recent decision of this court found in Greene v. Washington County Board of Education, 45 Ala.App. 216, 228 So.2d 829; and the Supreme Court case of State ex rel. Steele v. Board of Education of Fairfield, 252 Ala. 254, 40 So.2d 689.

The *Greene case* involved the transfer of a teacher from one school to another school by the Washington County Board of Education. A request was made by the transferred teacher for a hearing before the school board as provided by pertinent provisions of Title 52, Code of Alabama 1940, as Recompiled 1958, and same was granted.

At the hearing before the Board, testimony was taken and transcribed as required by Title 52, supra.

After the hearing, the Board made a decision to transfer the teacher and so notified him. Subsequent to the decision of the Board to transfer him, an appeal was taken by the teacher to the State Tenure Commission, also as provided by the pertinent provisions of Title 52, supra. There was a hearing before the Commission, and later an order was entered rescinding the action of the Board.

■ From the order of the Commission, the Board petitioned the Circuit Court for a review by mandamus. The alternative writ was issued to the Commission to show cause why its order should not be set aside. This writ was answered and a trial ensued, at which oral testimony was taken, over the objection of counsel for the Commission on the ground that this was not a de novo proceeding.

This court, in answer to the above objection, held:

"There is no question but that the hearing before the court below, on the petition for an alternative writ of mandamus, was due to be in the nature of review rather than a trial de novo.

* * * * * *

"The language of this section is clear and unambiguous in providing for 'review' (quotation marks ours) by petition for mandamus filed in the circuit court.

"The word *review*, as defined in Black's Law Dictionary, is 'To re-examine judicially—a reconsideration.' The appellee apparently concedes in his brief that review does not mean trial de novo. Counsel should not have aided the court below in committing this error.

* * * * * *

"It is contended by appellee that the action of the court below in permitting a trial de novo is error without injury, and that the record before the Tenure Commission is sufficient to support the decree of the court. This argument has no validity. This Court does not intend to prejudge that issue.

"The decree and peremptory order of the court below specifically refers to evidence having been submitted by petitioner and defendants, and further states 'after hearing the evidence * * * and after duly considering the evidence it is established,' et cetera. We can only conclude that the order was issued after all evidence, both the record before the Tenure Commission and that produced by appellee, was considered, and the total was the basis for the peremptory order. There were some 65 pages of the transcript comprised of new and additional testimony considered by the court. We must conclude this additional evidence influenced the decision of the court. Therefore, the other granting the peremptory writ of mandamus must be set aside."

In the case at bar, appellee argued that the taking of oral testimony before the court on the petition for mandamus was error without injury, even though the trial court in its judgment, stated that the issue was being framed upon the testimony taken orally before it, and upon a transcript of the proceedings made before the Lamar County Board of Education.

We held in *Greene,* supra, where the same issue arose, that, "We can only conclude that the order was issued after all evidence, both the record before the Tenure Commission and that produced by appellee, was considered, and the total was the basis for the peremptory order. * * *. We must conclude this additional evidence influenced the decision of the court. Therefore, the order granting the peremptory writ of mandamus must be set aside."

In the present case, we have the same situation facing us as we did in *Greene;* and we must hold here as we did there, that the order must be set aside, for there is no other conclusion than that the additional testimony influenced the trial court's judgment.

Appellants, in the third assignment of error, say there was insufficient evidence to support the trial court's judgment.

Since we have decided that the oral testimony taken at the mandamus hearing should not have been considered by the trial court in arriving at its judgment, we are left with the transcript of the proceedings before the Board and on which the Board based its affirmation of the transfer order.

The Legislature, in Title 52, Section 361, Code of Alabama 1940, as Recompiled 1958, provided that decisions of the Commission would be reviewed in the appropriate Circuit Court by the extraordinary writ of mandamus.

Mandamus is an extraordinary legal remedy that is available to coerce the doing of a ministerial act where the person to whom it is directed has the legal duty to perform such act. Shirey v. City Board of Education of Ft. Payne, 266 Ala. 185, 94 So. 2d 758.

This writ will not lie for the purpose of review. Jones v. Jones, 249 Ala. 374, 31 So.2d 81; nor will it lie to revise or control the exercise of discretion reposed in certain governmental bodies or officials. Gardner v. Stevens, 269 Ala. 213, 111 So.2d 904.

Section 361, supra, provides that the action of the Commission shall be final and conclusive if taken in compliance with the provisions of said chapter, and is not unjust, and may be reviewed on a petition for mandamus filed in the Circuit Court of the county wherein the school system is located.

Title 52, Section 357, Code of Alabama 1940, as Recompiled 1958, provides that the review by the Commission is based on the record of the proceedings taken before the employing board, and we have held that the review by the Court of the decision of the Commission is also based on the record compiled before the said Board. See Greene v. Washington County Board of Education, supra.

The questions before the trial court on the petition for mandamus were: (1)

whether the procedural provisions of Chapter 13 of Title 52, Code, supra, had been complied with; and (2) whether the decision of the Commission was unjust.

The Chapter 13 procedural requirements, in brief, are these: recommendation of transfer by superintendent, approval by board, written notice of transfer to teacher, written demand for hearing to contest transfer, written notice of time and place of hearing, the holding of a public hearing, subpoenaing of witnesses requested, transcription of the proceedings before board, decision by board within five days of hearing, an appeal to the Commission within 15 days, and a hearing before the Commission.

The record in this case clearly reveals a compliance with all of the above requirements.

The record also shows that the record of proceedings before the Board was presented to the Commission along with arguments of counsel for appellee-petitioner. The record further reflects an opportunity extended appellee-petitioner to examine witnesses introduced on his behalf and to cross-examine witnesses presented against him.

■ We conclude that appellee was treated fairly and not unjustly.

The next question presented to us, was the evidence before the Commission sufficient to support a conclusion that the transfer was not for "personal" reasons?

Section 355 of Title 52, Code of Alabama 1940, as Recompiled 1958, provides that a Board of Education may transfer a teacher within the system so long as it is not for "personal reasons."

The testimony introduced to the Board by appellee-petitioner attempted to show the transfer was for "personal reasons."

■ In the absence of a statutory definition of "personal reasons," it then becomes our duty to define the term. As used in the context of Section 355, supra, we define "personal reasons" to be those reasons personal to the Board members themselves and not to anyone else. The Board is given the authority to transfer, hence it would be inconsistent to say that the reasons for the transfer would be other than personal to the Board members.

■ There was no evidence in the record that the reasons for the transfer were personal to any Board member. In fact, the evidence before the Board showed that the appellee requested a transfer and it was granted by the Board and all subsequent actions were directed toward obtaining a rescission of that transfer.

There was sufficient evidence in the record to show a conflict between the principal of Millport High and appellee which had developed to such a point that it was having a very disruptive influence on the school. The Board had a choice of transferring appellee or the principal. It chose to approve the request for transfer made by appellee.

There being an absence of evidence showing the transfer was for reasons personal to the Board members, and there being sufficient evidence in the record to satisfy the requirements of Section 361, supra, it is our conclusion that the trial court erred in not rendering judgment in favor of the Commission.

■ The appellants, in their first assignment of error, say that the trial court erred in not sustaining the demurrer filed to the amended petition for mandamus.

The demurrer filed to the original petition for mandamus was sustained and petitioner amended and respondents refiled their demurrer with no additional grounds to the petition as amended, and this demurrer was overruled.

In Clark v. Beverly, 257 Ala. 484, 59 So. 2d 810, the Supreme Court said:

"The sufficiency of a petition for mandamus may be tested by appropriate demur-

rer and when so, it is considered more strongly against the pleader. Such petition must establish by clear averments the facts of delinquent official conduct from which arises as a conclusion of law the respondent's legal authority and duty in the premises. Mere conclusions of the pleader, as distinguished from clearly averred facts, will not suffice and are disregarded in testing the sufficiency of the petition."

One of the grounds of the demurrer filed to the amended petition raised the issue of an insufficient averment of facts to support the legal conclusions made therein.

The petition as amended is replete with conclusions unsubstantiated by sufficient facts.

As we have pointed out, one of the grounds for relief in a teacher transfer case, is that the provisions of Chapter 13 of Title 52, supra, have not been complied with and the failure to so allege causes the petition to be insufficient. There is no averment in the petition as amended showing a non-compliance with these provisions.

Paragraph 8 of the amended petition does not recite facts from which it could be inferred that the transfer was made for reasons personal to the members of the Board or any individual member thereof.

Paragraph 9 does not allege any facts on which to base the conclusion that the proceedings before the Board and Commission were not held in accordance with the laws regulating the subject, nor did it point out with sufficient facts the deficiencies therein.

Paragraph 11-A alleges a violation of Title 52, Section 360, Code of Alabama 1940, as Recompiled 1958, but does not sufficiently identify the "transcript" or "hearing" referred to, nor were facts set out showing prejudice to petitioner for failure to supply such a transcript. We would point out that Section 360, supra, regulates the appeal processes for a teacher whose contract has been cancelled, whereas Section 357, supra, regulates the appeal processes for a teacher who has been transferred to another school or position.

It was held in Clark v. Beverly, supra, that the one procedure did not control the other procedure and could not be used interchangeably.

Paragraphs 11-B, 12-A and 13-A related to allegations that newly discovered evidence would be introduced to show the transfer was for personal reasons and that the action of the respondents was unjust. No facts to support these bold averments were pled.

Under the circumstances set out above, we are of the opinion that the demurrer to the amended petition should have been sustained and the trial court erred for its failure to so rule.

Inasmuch as we have held that the only evidence properly before the court did not warrant the judgment rendered and that such evidence fully supported the decision of the Commission, we hereby reverse the judgment of the trial court and here render a judgment affirming the decision of the Commission which upheld the order of transfer made by the Board.

Reversed and rendered.