343 So.2d 522 (1976)
In re ALABAMA STATE TENURE COMMISSION
v.
MOUNTAIN BROOK BOARD OF EDUCATION.
Ex parte Alabama State Tenure Commission.
SC 1800.
Supreme Court of Alabama.
December 10, 1976.
Rehearing Denied February 11, 1977.
*523 William J. Baxley, Atty. Gen., and Carol Jean Smith and Joel E. Dillard, Asst. Attys. Gen., for the Ala. State Tenure Commission, petitioner.
James E. Simpson, Birmingham, for respondent.
William M. Dawson, Birmingham, for Dorothy Greenberg, amicus curiae.
EMBRY, Justice.
The issue here is the scope of inquiry of the courts when reviewing actions of the Alabama State Tenure Commission taken by it on appeals from orders of Boards of Education cancelling contracts of tenured teachers.
The Mountain Brook Board of Education cancelled the employment contract of Mrs. Dorothy Greenberg, a tenured teacher in its school system. She appealed to the Alabama State Tenure Commission which reversed the Board's action and ordered that she be reinstated. In turn, the Board petitioned the Circuit Court of Jefferson County for writ of mandamus seeking to compel the Commission to vacate its order and to uphold the action of the Board terminating Greenberg. The Circuit Court granted that relief. The Commission appealed to the Court of Civil Appeals, which affirmed.
We granted the writ of certiorari and now review the Court of Civil Appeals.
*524 It was alleged that (a) Greenberg failed to send a student to the principal's office as requested, (b) that children could not learn in her class, (c) that she could not get along with other teachers, (d) she refused to help students with their studies, (e) she allegedly made derogatory remarks concerning Blacks and (f) she was rude to, and treated students unfairly.
Code of Ala., Tit. 52, § 358, states:

"Grounds for cancellation of employment contract.Cancellation of an employment contract with a teacher on continuing service status may be made for incompetency, insubordination, neglect of duty, immorality, justifiable decrease in the number of teaching positions, or other good and just cause; but cancellation may not be made for political or personal reasons."
All the procedural requirements of Tit. 52, § 359, were complied with by the Board and after a full hearing, at which Greenberg was represented by counsel, her contract was cancelled. None of the grounds enumerated in § 358 were cited as bases for the cancellation. Evidence, pro and con, as to the allegations against her was hotly disputed, was largely subjective, and different conclusions could reasonably be reached from it.
The overall impression is that Greenberg was possessed of an abrasive personality, not a tactful individual, a strict disciplinarian, but not an incompetent teacher. The Tenure Commission, after review of the record of the hearing before the Board of Education, concluded that
"* * * the record contained insufficient evidence to support the decision to terminate the employment * * *
"The Commission found evidence in the record that the teacher may have used indiscretion in some instances, but upon a full consideration of the transcript felt that such conduct was insufficient to support termination of Mrs. Greenberg's contract."
The Circuit Court, on review of the action of the Tenure Commission (on the record), concluded the scope of its inquiry to be whether the action of the Board of Education was "arbitrarily unjust" as that phrase is used in § 360 of Tit. 52. The Court of Civil Appeals perceived its scope of inquiry to be the same.
The Alabama State Tenure Commission was created by the legislature as the administrative agency which, among other functions, reviews actions of Boards of Education cancelling tenured teachers' contracts. Tit. 52, § 360. Under § 360, the Board's action in this case was final if in compliance with provisions of Chapter 13 of Tit. 52 (§ 351, et seq.) and not arbitrarily unjust. However, by § 361, the action of the Tenure Commission on review is final unless unjust.
For an erudite and full discussion of the role of the State Tenure Commission see Justice Kohn's opinion, for this court, in State Tenure Commission v. Madison County Board of Education, 282 Ala. 658, 213 So.2d 823.
Judicial review of the Commission's decisions is provided by Tit. 52, § 361:

"Finality of action of state tenure commission; review.The action of the state tenure commission in reviewing transfers of teachers or cancellation of teacher contracts, if made in compliance with the provisions of this chapter, and unless unjust, shall be final and conclusive. Whether such action complies with the provisions of this chapter and whether such action is unjust, may be reviewed by petition for mandamus filed in the circuit court of the county where said school system is located."
A fundamental concept of judicial review of administrative action is that it is a limited review, delineated by statute and court-established standards relating to the nature of the issues or questions open to judicial review, or to the particular method or means by which review can be had. See 2 Am.Jur.2d, §§ 612, 614, 626 (1962).
The statute here provides for judicial review of actions of the Commission by mandamus; an extraordinary remedy *525 which, traditionally, will not lie for the purpose of review, nor to revise or control, the exercise of discretion reposed in administrative or other governmental bodies. Jones v. Jones, 249 Ala. 374, 31 So.2d 81 (1947); Gardner v. Stevens, 269 Ala. 213, 111 So.2d 904 (1959). The concept of the limited nature of review by mandamus was recognized by the Court of Civil Appeals in a case involving a teacher transfer under Tit. 52, § 361. Lamar County Board of Education v. Steedley, 45 Ala.App. 672, 236 So.2d 337 (1970).
Prior to the establishment of the Tenure Commission it was proper for a circuit court to entertain a petition for writ of mandamus directed against the Board of Education. Cooper v. Perry County Board of Education, 264 Ala. 251, 86 So.2d 832 (1956).
By amendment to § 360, the legislature created an administrative agency, the Tenure Commission, which has succeeded to the role of circuit courts in reviewing certain decisions of Boards of Education, and has provided that the role of the trial court now is to review the action of the State Tenure Commission upon petition for mandamus. The Court of Civil Appeals adopted this view in Cullman City Board of Education v. Buchanon, 45 Ala.App. 357, 231 So.2d 134, cert. den., 285 Ala. 754, 231 So.2d 137 (1970):
"* * * We think that by creating the State Tenure Commission the Legislature intended to set it up as an intervening agency between the board of education and the aggrieved teacher * * and that the review provided for by the above quoted statute [Tit. 52, § 361] was of the findings of the State Tenure Commission on appeals from boards of education and not for a direct review of the action of the boards of education. * * (emphasis added)
Further scrutiny of § 361 reveals that the trial court's right to review the decision of the State Tenure Commission is limited to a determination of whether the Commission's action was made in compliance with the requirements of the law governing teacher tenure, and whether the action was unjust. State Tenure Commission v. Madison County Board of Education, supra. The trial court's first inquiry should be whether the procedural requirements of Chapter 13, Tit. 52, were complied with; they were and it so found.
The second inquiry is whether there was sufficient evidence before the Commission to support its conclusion that the decision of the Board of Education should be reversed. Thus limiting the scope of the court's inquiry is consistent with our traditional concept of review by mandamus. If there was sufficient evidence to support such a conclusion, then the decision of the Commission must be affirmed as not unjust. See Steedley, supra. There is sufficient evidence to support the Commission's findings and conclusion.
Under § 361, the trial court was not entitled to institute a direct review of the action of the Board of Education, but should have limited its review to the action of the State Tenure Commission. In re Marshall County Board of Education v. State Tenure Commission, 291 Ala. 281, 280 So.2d 130 (1973); Lamar County Board of Education v. Steedley, supra; Cullman City Board of Education v. Buchanon, supra.
The judgment of the Court of Civil Appeals is reversed and the cause is remanded to that court with directions to reverse the judgment of the trial court and reinstate the order of the State Tenure Commission reversing the decision of the Mountain Brook Board of Education.
REVERSED AND REMANDED WITH DIRECTIONS.
HEFLIN, C. J., and MADDOX, FAULKNER, JONES, SHORES and BEATTY, JJ., concur.
BLOODWORTH and ALMON, JJ., dissent.
ALMON, Justice (dissenting).
The court has in my judgment improperly changed the scope of review in this type of *526 case. I would affirm the Court of Civil Appeals.
BLOODWORTH, J., concurs.

ON REHEARING
EMBRY, Justice.
After a full review upon the petitioner's application for a rehearing a majority of the court is of the opinion that this case should be remanded to the Court of Civil Appeals and that Court is to conform its opinion to the scope of review as we have determined it in this opinion.
OPINION EXTENDED, APPLICATION FOR REHEARING OVERRULED.
TORBERT, C. J., and MADDOX, FAULKNER, JONES, SHORES and BEATTY, JJ., concur.
BLOODWORTH and ALMON, JJ., dissent.
BLOODWORTH, Justice (dissenting).
I joined in Mr. Justice Almon's dissent when the original opinion in this case was released. He wrote that the court has "improperly changed the scope of review in this type of case." I am now more than ever convinced that this is correct. I wish to expand on this view.
First, let us review the chronology of this case. By letter, dated May 30, 1974, Mrs. Greenberg, a tenured teacher, was notified by the Mountain Brook Board of Education that her contract was to be terminated, with reasons given for the termination. She requested a hearing.
On June 26, 1974, a hearing was held before the Mountain Brook Board of Education. At that hearing, evidence was presented that Mrs. Greenberg (a junior high-school teacher) had made racial slurs, e. g., that blacks would have to learn to take baths if they moved into Mountain Brook and that they would have to learn to act like white people. There were complaints from parents and evidence of unfair treatment of students and of refusal to help students. There was further evidence that she had made fun of a student because he or she was fat or walked differently. The Court of Civil Appeals' opinion discloses that the following evidence was also presented before the Board:
"There is considerable testimony to the effect that the teacher engaged in behavior which can best be described as mocking and holding up to ridicule many of her students. Students who had been made the object of this type of conduct so testified, and one witness testified that Greenberg on one occasion called her a `smart ass' before the class.
"The principal of Mountain Brook Junior High School testified that before the commencement of the school year he received requests from a minimum of thirty parents that their children not be placed in Greenberg's classes. He further testified that more parents and students had consulted him concerning Greenberg than was the case with any other teacher and that these visits had been without exception of a disapproving nature. His recommendation was that her employment contract be terminated.
"Former students of Greenberg testified that they did not learn comparably with students in other classes and that Greenberg's behavior tended to so intimidate her students as to discourage them from asking questions.
"There was further testimony that Greenberg unjustifiably refused to release a cheerleader from her class to attend a cheerleading function."
By letter dated July 3, 1974, Mrs. Greenberg was notified that the School Board had voted unanimously to cancel her contract.
Mrs. Greenberg appealed to the State Tenure Commission, which considered the case on August 29, 1974. It found that the record of the proceedings before the School Board contained insufficient evidence to support Mrs. Greenberg's termination and ordered her reinstatement.
On October 1, 1974, the School Board filed a petition for writ of mandamus in the circuit court. A hearing was held but no *527 additional evidence was taken. On May 30, 1975, the circuit court entered final judgment vacating the Tenure Commission's order and reinstating the school board's order.
On appeal by the Tenure Commission of the circuit court's judgment, the Court of Civil Appeals, on March 3, 1976, affirmed. Rehearing was overruled on March 31, 1976.
On April 14, 1976, the Tenure Commission filed petition for writ of certiorari in this Court. The petition was sought on two grounds only: (1) "first impression" whether the Court of Civil Appeals erred in holding there was no error even though the record did not contain the notice to the teacher showing the reasons for her contract termination; and (2) "conflict" whether the Court of Civil Appeals' decision conflicts with State Tenure Commission v. Madison County Board of Education, 282 Ala. 658, 213 So.2d 823 (1968). The conflict alleged is that the Court of Civil Appeals held that its inquiry was whether the Board's decision was "arbitrarily unjust" while Madison County held that the test is whether the conclusion of the Tenure Commission was "unjust," i. e., the Court of Civil Appeals used the wrong rule of review.
Ground (2) for issuance of the writ could not be a "good" ground for the simple reason that the Madison County decision is a plurality decision, i. e., a majority of the then Court did not join in the opinion, but joined only in the result. Therefore, it is not an opinion of this Court and could not be the basis for a "conflict."
When less than a majority of the Court concurs in an opinion, no disqualification existing, the statements of law and application of the law to the facts contained in the opinion are not the "law of the case." The opinion stands solely for the result of the case, either affirmed or reversed. Phoenix Insurance Company v. Stuart, 289 Ala. 657, 270 So.2d 792 (1972).
Therefore, the petition for writ of certiorari could not have been granted on the alleged "conflict" basis because there simply was no part of the Madison County opinion with which the Court of Civil Appeals' opinion could conflict.
Thus, the only ground for our review is the first(1) that an alleged question of "first impression" has been raised because the record did not contain the notice. That issue is not addressed by the majority opinion. Should it be reached I would have to say I agree with the conclusion reached by the Court of Civil Appealsthat Mrs. Greenberg did have notice.
Mr. Justice Embry, for the majority, writes that the principal issue in this case is the "scope of inquiry of the courts when reviewing actions of the Alabama State Tenure Commission . . ." I agree. The following sets out this scope of review.
The scope of review by the Tenure Commission of the Board's action is whether the Board's action was arbitrarily unjust. Tit. 52, § 360, Code. Marshall County Board of Ed. v. State Tenure Com'n., 291 Ala. 281, 280 So.2d 130 (1973). "Review" means to re-examine judicially, not trial de novo. Greene v. Washington County Bd., 45 Ala. App. 216, 228 So.2d 829 (1969). This review is based on the record before the Board of Education.
The scope of review by the circuit court of the Tenure Commission's action is by mandamus and is limited to two considerationswhether such action by the Tenure Commission complied with the provisions of Chapter 13, Tit. 52, "Tenure of Employment of Teachers"; and, whether such action was unjust. Tit. 52, § 361; Lamar County Bd. of Educ. v. Steedley, 45 Ala.App. 672, 236 So.2d 337 (1970); Cullman City Bd. of Educ. v. Buchanon, 45 Ala.App. 357, 231 So.2d 134 (1970). This review by the court is based on the record made before the Board of Education. Steedley, supra.
The scope of review by the Court of Civil Appeals is to determine from a review of the evidence taken before the County Board whether there was compliance with Chapter 13 ("Teacher Tenure") and whether the record will support the Tenure Commission that the action of the Board was arbitrarily unjust. Marshall County Board of Ed. v. State Tenure Com'n, supra.
*528 The task of reviewing all the evidence to make these determinations, formerly placed by law on the Supreme Court, is now placed by law on the Court of Civil Appeals. Marshall County, supra.
The scope of review by the Supreme Court is limited to certiorari and the limited review provided by that vehicle. Marshall County, supra.
The Court of Civil Appeals reviewed the evidence in this case and found that "the record belies the conclusion that the board's action was based on, `no sound basis of reason,' or was, `without any reasonable cause.'"
So, the Court of Civil Appeals, upon reviewing the evidence, found that the record did not support the Tenure Commission's action but did support the Board's findings and that "[t]he Tenure Commission in effect substituted its view of the evidence for that of the board."
We do not re-examine these findings under our rules of review. Ex parte McCleney, 286 Ala. 288, 239 So.2d 311 (1970).
In summary, it is thus I conclude, first, that we are limited in our review to the "notice" question. On this question the Court of Civil Appeals is correct and should be affirmed.
Second, we cannot review the other question raised on certiorari as to the scope of review by the Court of Civil Appeals because, as I have demonstrated, there is no basis for a "conflict" upon which a writ could be granted.
Third, assuming arguendo that scope of review is an issue, the Court of Civil Appeals is correct and, having reviewed the evidence before the Board (its duty) and found it to be sufficient to support the Board's action in terminating Mrs. Greenberg's employment, should be affirmed. We do not re-examine these findings.
The Court of Civil Appeals' decision should be affirmed.
In conclusion, the effect of this decision is far reaching. Sub silentio the Court has overruled the following cases:
Phoenix Insurance Company v. Stuart, supra,
Marshall County Board of Ed. v. State Tenure Commission, supra.
This Court has now completely changed our scope of review of the Courts of Appeal as to "conflict" basis and as to review of the Courts of Appeals' findings on the facts.
ALMON, J., concurs.