EMBRY, Justice.
The issue here is the scope of inquiry of the courts when reviewing actions of the Alabama State Tenure Commission taken by it on appeals from orders of Boards of Education cancelling contracts of tenured teachers.
The Mountain Brook Board of Education cancelled the employment contract of Mrs. Dorothy Greenberg, a tenured teacher in its school system. She appealed to the Alabama State Tenure Commission which reversed the Board’s action and ordered that she be reinstated. In turn, the Board petitioned the Circuit Court of Jefferson County for writ of mandamus seeking to compel the Commission to vacate its order and to uphold the action of the Board terminating Greenberg. The Circuit Court granted that relief. The Commission appealed to the Court of Civil Appeals, which affirmed.
We granted the writ of certiorari and now review the Court of Civil Appeals.
*524 It was alleged that (a) Greenberg failed to send a student to the principal’s office as requested, (b) that children could not learn in her class, (c) that she could not get along with other teachers, (d) she refused to help students with their studies, (e) she allegedly made derogatory remarks concerning Blacks and (f) she was rude to, and treated students unfairly.
Code of Ala., Tit. 52, § 358, states:
“Grounds for cancellation of employment contract. — Cancellation of an employment contract with a teacher on continuing service status may be made for incompetency, insubordination, neglect of duty, immorality, justifiable decrease in the number of teaching positions, or other good and just cause; but cancellation may not be made for political or personal reasons.”
All the procedural requirements of Tit. 52, § 359, were complied with by the Board and after a full hearing, at which Green-berg was represented by counsel, her contract was cancelled. None of the grounds enumerated in § 358 were cited as bases for the cancellation. Evidence, pro and con, as to the allegations against her was hotly disputed, was largely subjective, and different conclusions could reasonably be reached from ■ it.
The overall impression is that Greenberg was possessed of an abrasive personality, not a tactful individual, a strict disciplinarian, but not an incompetent teacher. The Tenure Commission, after review of the record of the hearing before the Board of Education, concluded that
“ * * * the record contained insufficient evidence to support the decision to terminate the employment * * *
“The Commission found evidence in the record that the teacher may have used indiscretion in some instances, but upon a full consideration of the transcript felt that such conduct was insufficient to support termination of Mrs. Greenberg’s contract.”
The Circuit Court, on review of the action of the Tenure Commission (on the record), concluded the scope of its inquiry to be whether the action of the Board of Education was “arbitrarily unjust” as that phrase is used in § 360 of Tit. 52. The Court of Civil Appeals perceived its scope of inquiry to be the same.
The Alabama State Tenure Commission was created by the legislature as the administrative agency which, among other functions, reviews actions of Boards of Education cancelling tenured teachers’ contracts. Tit. 52, § 360. Under § 360, the Board’s action in this case was final if in compliance with provisions of Chapter 13 of Tit. 52 (§ 351, et seq.) and not arbitrarily unjust. However, by § 361, the action of the Tenure Commission on review is final unless unjust.
For an erudite and full discussion of the role of the State Tenure Commission see Justice Kohn’s opinion, for this court, in State Tenure Commission v. Madison County Board of Education, 282 Ala. 658, 213 So.2d 823.
Judicial review of the Commission’s decisions is provided by Tit. 52, § 361:
“Finality of action of state tenure commission; review. — The action of the state tenure commission in reviewing transfers of teachers or cancellation of teacher contracts, if made in compliance with the provisions of this chapter, and unless unjust, shall be final and conclusive. Whether such action complies with the provisions of this chapter and whether such action is unjust, may be reviewed by petition for mandamus filed in the circuit court of the county where said school system is located.”
A fundamental concept of judicial review of administrative action is that it is a limited review, delineated by statute and court-established standards relating to the nature of the issues or questions open to judicial review, or to the particular method or means by which review can be had. See 2 Am.Jur.2d, §§ 612, 614, 626 (1962).
The statute here provides for judicial review of actions of the Commission by mandamus; an extraordinary remedy *525 which, traditionally, will not lie for the purpose of review, nor to revise or control, the exercise of discretion reposed in administrative or other governmental bodies. Jones v. Jones, 249 Ala. 374, 31 So.2d 81 (1947); Gardner v. Stevens, 269 Ala. 213, 111 So.2d 904 (1959). The concept of the limited nature of review by mandamus was recognized by the Court of Civil Appeals in a case involving a teacher transfer under Tit. 52, § 361. Lamar County Board of Education v. Steedley, 45 Ala.App. 672, 236 So.2d 337 (1970).
Prior to the establishment of the Tenure Commission it was proper for a circuit court to entertain a petition for writ of mandamus directed against the Board of Education. Cooper v. Perry County Board of Education, 264 Ala. 251, 86 So.2d 832 (1956).
By amendment to § 360, the legislature created an administrative agency, the Tenure Commission, which has succeeded to the role of circuit courts in reviewing certain decisions of Boards of Education, and has provided that the role of the trial court now is to review the action of the State Tenure Commission upon petition for mandamus. The Court of Civil Appeals adopted this view in Cullman City Board of Education v. Buchanon, 45 Ala.App. 357, 231 So.2d 134, cert. den., 285 Ala. 754, 231 So.2d 137 (1970):
“ * * * We think that by creating the State Tenure Commission the Legislature intended to set it up as an intervening agency between the board of education and the aggrieved teacher * * and that the review provided for by the above quoted statute [Tit. 52, § 361] was of the findings of the State Tenure Commission on appeals from boards of education and not for a direct review of the action of the boards of education. * * (emphasis added)
Further scrutiny of § 361 reveals that the trial court’s right to review the decision of the State Tenure Commission is limited to a determination of whether the Commission’s action was made in compliance with the requirements of the law governing teacher tenure, and whether the action was unjust. State Tenure Commission v. Madison County Board of Education, supra. The trial court’s first inquiry should be whether the procedural requirements of Chapter 13, Tit. 52, were complied with; they were and it so found.
The second inquiry is whether there was sufficient evidence before the Commission to support its conclusion that the decision of the Board of Education should be reversed. Thus limiting the scope of the court’s inquiry is consistent with our traditional concept of review by mandamus. If there was sufficient evidence to support such a conclusion, then the decision of the Commission must be affirmed as not unjust. See Steedley, supra. There is sufficient evidence to support the Commission’s findings and conclusion.
Under § 361, the trial court was not entitled to institute a direct review of the action of the Board of Education, but should have limited its review to the action of the State Tenure Commission. In re Marshall County Board of Education v. State Tenure Commission, 291 Ala. 281, 280 So.2d 130 (1973); Lamar County Board of Education v. Steedley, supra; Cullman City Board of Education v. Buchanon, supra.
The judgment of the Court of Civil Appeals is reversed and the cause is remanded to that court with directions to reverse the judgment of the trial court and reinstate the order of the State Tenure Commission reversing the decision of the Mountain Brook Board of Education.
REVERSED AND REMANDED WITH DIRECTIONS.
HEFLIN, C. J., and MADDOX, FAULKNER, JONES, SHORES and BEATTY, JJ., concur.
BLOODWORTH and ALMON, JJ., dissent.